### ADDISON WILSON V. JOHN AND JAMES GRAHAM.

Where the defendants had undertaken in November to break up for the plaintiff a certain quantity of land by the first of July next thereafter, with the stipulation that the undertaking might be discharged by the payment of seventy–five dollars by the 25th of December, it was held that the measure of damage, upon breach of the contract, was the value of the work at the time it was to have been performed, and not the amount for which the obligation might have been discharged in December, nor any remote, consequential damage, such as the amount of the crop, or the price for which the crop would have sold in market.

Error from Collin.

*A. Berry*, for plaintiff in error.

LIPSCOMB J.   This suit was brought before a Justice of the Peace, on a promise in writing, as follows : On or before the first of July, we or either of us promise to break 25 acres of land well for Addison Wilson, by said Wilson boarding the hands while breaking said land, which may be discharged by paying seventy-five dollars by the 25th of December next, this the 6th November, 1850.

JOHN GRAHAM.
JAMES A. GRAHAM.

There was a verdict for the plaintiff in the Justice's Court, for twenty dollars special damages, on which the Justice rendered judgment for that amount, with costs.   The defendants obtained a *certiorari* and had the case removed to the District Court, where, a jury being waived, there was a judgment for the plaintiff for five dollars, and on motion the judgment was set aside.   After another continuance, a trial and judgment for the defendants.

So much of the judgment of the Court as is regarded mate-

rial is as follows, i. e. : "Now at this Term of the Court come " the parties by their attorneys, and it being admitted that the " defendants had paid into the Justice's Court before the trial "of the said cause by said Justice of the Peace, the balance, " exclusive of any special damage claimed in this suit, of the " amount due upon said note and the interest, and costs of the "suit up to the time of said payment, and the said Justice hav- " ing brought the same into Court, it being in the hands of the " Clerk subject to the order of the plaintiff," a judgment was rendered as on a verdict of the jury, for the defendants. Plaintiff appealed. The only question is, whether the plaintiff ought to have been allowed to prove special damage resulting from the breach of the contract to break up the ground. The terms of the contract sued on show that its principal object and intent was to have the land broken up. It contained a provision by which the makers could relieve themselves from this undertaking : that was, that within a short time after it was entered into, the parties should pay seventy-five dollars, to wit : on or before the 25th December then ensuing. After this time had passed, and the money not paid, the contract to break the land by the 1st day of July became absolute and unconditional. The plaintiff would have been entitled to recover the amount of the direct and immediate damage accruing from a failure to perform the contract, and not any remote, consequential damage, such as the amount of the crop, or the price for which the crop would have sold in market. Such speculations on profits would depend upon too many contingencies to furnish a safe basis of damage to be allowed for the breach of the contract. The value of the work at the time it was to have been performed, would be the correct rule of damage. The appellant offered to prove what it would have been worth, if well done, but was not permitted. The Court doubtless decided on the supposition that the parties had fixed upon the value, in providing that the contract might be discharged by the payment of seventy-five dollars. This is not a fair and legal construction of the contract, because, to have discharged it by the payment of that

amount, the payment must have been made a long time before the period of time limited for the performance of the work. Had the money then been paid, it would have afforded the plaintiff time and means of having the work performed by some other contractor. The evidence ought to have been admitted, to show what the work, if well done at the time stipulated for its performance, would have been worth, and for this error the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.