JOHN HAKER v. THEODORE BOEDEKER.

(No. 1181, Op. Book No. 2, p. 261.)

APPEAL from Washington County. Opinion by QUINAN, J.

§ 1034. *Breach of contract; rule as to damages in case of.* In a contract of partition of land, Haker agreed to furnish Boedeker ten acres of fenced land for cultivation for three years, free of rent. Haker violated his contract by not furnishing the land. Boedeker brought this suit for damages, and recovered judgment for $200. The trial court charged the jury as follows: "If you believe that the defendant violated his contract with plaintiff without cause, then the plaintiff is entitled to recover of defendant such actual damages as you may believe from the evidence he has sustained by such breach. Actual damages in such a case are such as may fairly and reasonably be considered as arising naturally, that is, according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it. Therefore, if you believe from the evidence that plaintiff is a farmer by occupation; that he relied upon his occupation for the support of his family; that he had not sufficient land of his own capable of cultivation for the year; that plaintiff could not obtain arable land within a reasonable distance for cultivation, from any other source; that he thereby lost the opportunity to make a cotton crop, and that his situation or circumstances were known or could reasonably have been

known to defendant, then you will find for the plaintiff such damages as you believe he has sustained by reason of the breach of contract from the loss of his crop." *Held*, that this charge was erroneous. The loss of plaintiff's crop — a crop never planted — could furnish no fair measure of the plaintiff's damage. Nor can it be said that the reliance which the plaintiff put upon his pursuit of the occupation of farming, for the support of his family, or his lost opportunities to make a cotton crop, were subjects properly to be considered in estimating his damages. We believe the proper measure of damages in this case, the consideration having been paid, was the value of the use of the land for the year. The rule is that the plaintiff can only recover such damages as have directly and necessarily been occasioned by the defendant's breach of his contract, and as have naturally resulted therefrom. [Adair v. Bogle, 20 Iowa, 244.] The loss of his crop, or the price it would have sold for in market, had it been planted, raised and gathered, is altogether too remote and speculative to furnish a safe basis to estimate his damages upon. [Wilson v. Graham, 14 Tex. 222; Gerhard v. Neese, 36 Tex. 635; De la Zerda v. Korn, 25 Tex. Sup. 188; Stell v. Paschal, 41 Tex 640.] He was entitled to recover the fair rental value of the premises, and no more, under his allegations and proof. The contract was made in April, 1875. It could scarcely have been in the contemplation of the parties at that time, that in the year 1876 the plaintiff would have desired to put the land he was to be furnished with in cotton; that cotton would that year be worth eleven cents per pound, and that the product of the land would have been one bale to the acre; that land would have been impossible to procure for rent, and that the failure on the part of defendant to comply with his bargain would have rendered him liable for all the profits which the plaintiff did not make in consequence thereof.

February 19, 1881.     Reversed and remanded.