London Guarantee and Accident Company Limited, Plaintiff in Error, v. Edward Morris et al., Defendants in Error.

### Gen. No. 15,171.

1. INSURANCE—*when casualty policy not void*. If the policy does not purport to insure against any acts in violation of law but has for its purpose and effect the indemnification of the insured against loss from the liability imposed by law upon the insured for damages on account of bodily injuries or death suffered by an employe of the insured, it is not void and will cover a liability arising against the insured by reason of an injury suffered by a minor while engaged in the performance of a task prohibited by statute to be assigned to him.

2. INSURANCE—*"child" as used in casualty policy construed*. The word "child" as used in a casualty policy construed to mean one under the age of puberty.

3. INSURANCE—*how policies construed*. The language of the policy being that of. the company, is to be construed most strongly against it. If a word employed is susceptible of two meanings that meaning should be given which enlarges rather than restricts the liability.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. FRANK P. SADLER, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed July 14, 1910.

R. J. FOLONIE, for plaintiff in error.

N. G. COLLINS and M. W. BORDERS, for defendants in
error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Plaintiff prosecuted this writ of error to reverse a judg-
ment of the Municipal Court of Chicago. At the close of
the plaintiff's evidence the lower court directed a verdict
for defendant and judgment was entered accordingly.

The plaintiff issued to defendants an employer's liability
policy, whereby plaintiff agreed to indemnify defendants
"against loss from the liability imposed by law upon the
Assured for damages on account of bodily injuries or death
accidentally suffered while this policy is in force by any
employe or employes of the Assured while within the factory,
shop or yard described in the schedule  *  *  *  in and
during the operation of the trade or business described in
the schedule  *  *  *  subject to the following condi-
tions." One of these conditions is as follows: "This policy
does not cover loss from liability for injuries or death to or
caused by  *  *  *  any child employed by the Assured
contrary to law, or any child employed under fourteen (14)
years of age where no statute restricts the age of employ-
ment."

It appears that one Jacob Braun, a minor, who it is stipu-
lated was over fourteen years of age but under sixteen at
the time he suffered the injuries from which this controversy
arises, became an employe of the defendant as a common
laborer in October, 1906, at their packing plant in St.
Joseph, Missouri. At that time he is said to have been
fifteen years and five days old and was lawfully employed.
About two months later he was given employment on what
is called a hog casing or "gut" machine, his duties being
to insert the "casings" between two revolving rollers, and
after passing them through to hang them up. The rollers
operated, it is said, like a wringer "with knives on top of
the drum to scrape the guts." At the time of the accident,
March 9, 1907, the machine had become clogged, one of the
guts or casings having wrapped itself around a roller, and

CHICAGO—FIRST DISTRICT—JULY, 1910.     535

London Guar. & Acci. Co. v. Morris, 156 Ill. App. 533.

the foreman directed Braun to remove it.    In doing so his hand was caught between the rollers and badly hurt.    At that time he is said to have been fifteen years, four months and twenty days of age.    It appears that the plaintiff herein deemed it proper to settle Braun's claim for damages caused by the injury, and this it did, having entered into a stipulation with the defendants, who were Braun's employers, that such settlement should not in any way be construed as a waiver of plaintiff's rights under the policy, and that the questions of age and liability under the policy were to be settled later between the plaintiff and defendant.    This action is brought to recover of defendants the amount so paid by plaintiff to Braun in settlement of his claim against defendants for damages.

It is said in plaintiff's behalf that there are only two questions involved:   First, whether the facts established a violation of law on the part of the defendants within the meaning of the policy; and, second, whether Jacob Braun was a "child" within the meaning of the condition of the policy as above quoted.    It is urged that the employment of Braun on the machine by which he was injured was contrary to the law of the State of Missouri.    The statute referred to is as follows:   "No minor or woman shall be required to clean any part of the mill, gearing or machinery in any such establishment in this State while the same is in motion or work between the fixed or traversing parts of any machinery while it is in motion by the action of steam, water or other mechanical power."    That Braun was a minor and that he was at the time of his injury employed in violation of the statute quoted does not seem to be disputed.    Cases are cited wherein the courts of Missouri have held to that effect. Nairn v. National Biscuit Co., 120 Mo. App. 144; Swift & Co. v. Rennard, 128 Ill. App. 181; Peters v. Gille, 113 S. W. Rep. 706.    But the provision of the policy relied upon is to the effect that the policy does not cover loss from liability for injuries to or caused by any "child" employed by the assured contrary to law.    It is insisted in behalf of defendants that while a child is a minor, a minor is not neces-

536    APPELLATE COURTS OF ILLINOIS.

London Guar. & Acci. Co. v. Morris, 156 Ill. App. 533.

sarily a child, and that in this case Jacob Braun, at that time "15 years, 4 months and 20 days old," was not a "child" and therefore not within the meaning of the exception of the policy. It is contended by plaintiff's counsel that to construe the policy in question so as to make it applicable in the case at bar would be to enforce an illegal contract. In Kelley v. Home Insurance Co., 97 Mass. 288, it is said: "The general rule of law on this subject is stated in Boardman v. Merrimack Insurance Co., 8 Cush. 583. 'When the direct purpose of the contract is to effect, advance or encourage acts in violation of law, it is void. But if the contract sought to be enforced is collateral and independent, though in some measure connected with the acts done in violation of law, the contract is not void.'" In the present case the contract does not purport to insure against any acts in violation of law. Its whole purpose and effect are to indemnify defendants against loss from the liability imposed by law upon the assured for damages on account of bodily injuries or death accidentally suffered by any employe of the defendants. Here a liability was imposed upon defendants by the judgment which plaintiff settled and paid, and against such liability it was the purpose and effect of the policy to indemnify the defendants. The policy is clearly valid.

The other controverted question is whether the injured Jacob Braun was a "child" within the language of the exception in the policy. If he was at the time a child "employed by assured contrary to law," then the policy does not cover loss from liability for injuries to him. It does however cover loss from liability for injuries to all employes not included within the terms of the special exception under consideration. In ascertaining the meaning of the parties to the contract, expressed in the use of the word "child" as here employed, we are not interpreting nor construing a statute. Insurance policies "being signed by the insurer only and prepared by persons acting in the exclusive interest of the insurance Company, the language is that of the insurer, and hence the rule is that the provisions and

conditions of the policy are construed most favorably for the insured." Niagara Fire Ins. Co. v. Scammon, 100 Ill. 644–649; Healy v. Mut. Accident Association, 133 Ill. 556–561. In the case last cited it is said: "When the words are without violence susceptible of two interpretations, that which will sustain his claim and cover the loss must in preference be adopted." If the word "child" in this connection is susceptible of two interpretations, it must be given the meaning most favorable to the insured. But in our judgment it is not thus susceptible. The ordinary meaning of the word as commonly used in accordance with its usual import is one under the age of puberty. This accords with the common law definition, and with the definition given by a "factory statute" of the State of Missouri (Chapter 161, Art. 6, Section 10104, Missouri Statutes), which defines child to mean a person under the age of fourteen years. A witness called by plaintiff as an expert on the subject so testifies and the fact is not disputed.

For the reasons indicated we are of opinion that Jacob Braun was not a child within the meaning of the condition of the policy in controversy. The judgment of the Municipal Court must therefore be affirmed.

*Affirmed.*