## LOUIS F. KLEEMAN COMPANY, Appellant v. NEW AMSTERDAM CASUALTY COMPANY, Respondent.

### Kansas City Court of Appeals, March 2, 1914.

1. **INDEMNITY INSURANCE: Unlawful Employment: Child.**  A manufacturing company obtained from an insurance company an indemnifying policy providing that the insurance company would reimburse it for damages it should be compelled to pay for injury to any of its employees, except that it contained a provision that the policy did not cover loss arising from injury or death of any "child employed contrary to law."  The manufacturing company employed a boy between 15 and 16 years of age who was afterwards injured.  By the statute it was unlawful for a manufacturing company to employ "a child under 16 years of age and over 14 years of age."  It was *held* that no liability existed under the policy.

2. ————: **Law Embodied in Contract.**  Notwithstanding the word "child" may ordinarily mean a very young person not arrived at puberty, yet when an indemnifing insurance policy issued to a manufacturing company contains a proviso that the policy

shall not cover injury to a "'child'" contrary to law," the proviso will be *held* to have been inserted with a view to the statute forbidding the employment of "a child under sixteen years of age;" and that "a child," as mentioned in the policy, will be construed to be any person who is under that age.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn,* Judge.

Affirmed.

*John C. Stearns* and *T. C. Sparks* for appellant.

(1)    The contract sued on is not against public policy. Royle Mining Co. v. Fidelity & Casualty Co., 126 Mo. App. 104, 115; London G. & A. Co. v. Morris, 156 Ill. App. 533; Breeden v. Insurance Co., 220 Mo. 327, 523.    (2)    The injured employee, Milo Collins, was not a child at the date of his injury and therefore appellee is liable. London G. & A. Co. v. Morris, 156 Ill. App. 533.

*Rees Turpin* and *James E. Taylor* for respondent.

ELLISON, P. J.—Plaintiff is a manufacturing company with a number of employees in its service. It brought this action against defendant on an indemnity insurance policy, alleging that Milo Collins was one of its employees and that he was injured in such service and afterwards recovered of plaintiff, as damages for such injuries, the sum of $1000, which it paid. The trial was by the court without the aid of a jury and judgment was rendered for defendant.

Among other conditions contained in the policy was one providing that "This policy does not cover loss arising from injuries or death . . . suffered by or caused by any child employed by the assured contrary to law or any child employed under fourteen

years of age where no statute restricts the age of employment.'' The case was tried on an agreed statement of facts, of which the 8th, 9th and 10th paragraphs are as follows:

''8. That during the life of said policy, one Milo Collins applied for employment to the plaintiff and represented to the plaintiff at the time that he was over the age of eighteen (18) years. That said Collins had all the appearance of a young man of at least sixteen (16) years, and might well have been taken to be over that age. That plaintiff relied upon the statements and representations of said Milo Collins at the time of his application for employment as being true and did not make any investigation or did not have any personal knowledge of his age other than his representations made regarding same. The employment of Milo Collins was that of a general helper about plaintiff's factory.''

''9. That on the second day of August, 1911, and while the policy of insurance or contract of indemnity, herein sued upon, was in full force, said Milo Collins, who was then and there an employee of plaintiff and covered by the schedule of employees in said policy, unless his age prevented his being so covered, and while engaged in his duties of his employment at plaintiff's place of business, 1327 Main Street, in Kansas City, Missouri, was injured; the circumstances under which said injury occurred, being such that the age of said Milo Collins, neither proximately caused nor contributed thereto.''

''10. That plaintiff gave the defendant immediate notice of the injury to said Collins, and made a report thereof, as by the policy provided, and some investigation was made by the defendant as to the facts surrounding the accident, when it was discovered that Collins was under sixteen (16) years of age and over the age of fifteen (15) years, and on the 28th day of

September, 1911, defendant disclaimed any liability upon its part for the injuries to said Collins and refused to take charge of the matter, claiming that by reason of Collins' age, defendant was exempt from any and all liability upon its part under the policy.''

On these facts plaintiff's position is that defendant is only relieved from liability in instances where the employee is a ''child'' and it insists that the employee, Milo Collins, being between fifteen and sixteen years of age was not a child within the meaning of the policy. The statute (Sec. 1719, R. S. 1909) makes it unlawful for a manufacturing company to employ ''a child under sixteen years of age and over fourteen years of age'' without a certain age certificate obtained as pointed out by the statute and posted as directed. So sections 1720, 1721, 1723 and 1726, speak of ''a child under the age of sixteen years,'' and in referring to a person under sixteen years of age, use the expression ''such child.'' And we think it clear that the statute has, by these terms, in effect, declared one under the age of sixteen years, to be a child.

But plaintiff's counsel say that the matter involved here is a construction of the contract and not the statute; and that words used in a contract are understood by the parties as having their ordinary meaning; and that the ordinary meaning of the word ''child'' is a very young person, not yet arrived at puberty. We cannot agree to the proposition that the matter involved excludes a consideration of the statute in arriving at the meaning of the contract. Where the contract, as here, concerns a matter of statute law, and refers to such statute, such law enters into the contract. The statute (sec. 1719 aforesaid) forbids the employment by plaintiff of any ''child under sixteen years of age.'' The terms of the statute throughout, are in effect, a legislative declaration that the person whom the manufacturer is forbidden to employ is an infant until he arrives at the age of six-

teen years, and when the contract of insurance provides for indemnity against loss arising from injury to any "child," it meant the person who is within the meaning of that word as used in the statute.

We are cited to London Guar. and Accident Co. v. Morris, 156 Ill. App. 533, as an authority supporting plaintiff's right to recover. The cause of action in that case, though prosecuted in Illinois, arose over an injury inflicted in a factory in this State. The court in what it deemed to be the general understanding of the meaning of the word "child," defined it to be one who was under the age of puberty. But a reason which must have governed the court, all else aside, was it's statement that the statute of this State at that time (Sec. 10104, R. S. 1899) defined a child as a "person under the age of fourteen years." We have the same statute now (sec. 7861, R. S. 1909) but limited to the particular article in which the section appears. It reads that, "The following expressions used in this article (9) shall have the following meanings . . . The expression child means a person under the age of fourteen years." That article does not include the part of the statute we are now dealing with and hence both the statute and the decision are inapplicable.

In Ohio there is a statute similar to ours, reading that "No child under the age of sixteen years shall be employed," etc., and it was assumed that any person under that age was a "child" within the terms of an indemnifying policy. [Frank Unneweher Co. v. Standard Ins. Co., 176 Fed. Rep. 16.]

In this case the policy provides that there is no indemnity for injury to a child employed contrary to law. This employment was contrary to law and we must enforce the plain provisions of the contract. [Ward River Lumber Co. v. Frankfort Ins. Co., 196 Fed. Rep. 340, 344.]

The view of the trial judge was correct and hence we affirm the judgment. All concur.