[L. A. No. 6950. In Bank.—March 17, 1922.]

E. C. GISE, Plaintiff, Respondent and Appellant, v. THE FIDELITY & CASUALTY COMPANY OF NEW YORK (a Corporation), Defendant, Respondent and Appellant.

[1] WORKMEN'S COMPENSATION INSURANCE—EMPLOYMENT IN VIOLATION OF LAW—EXPENSES—NONLIABILITY OF INSURANCE CARRIER.— Where a minor is employed in violation of the provisions of a workmen's compensation insurance policy, providing that no person shall be employed in violation of the law as to age, the employer cannot recover from his insurance carrier his expenses expended in defending himself before the Industrial Accident Commission.

[2] ID.—WARRANTY.—A provision in a workmen's compensation policy against employing a person in violation of the law as to age amounts to a warranty.

[3] ID.—REPUDIATION OF LIABILITY BY CARRIER—ESTOPPEL.—Where the insurance carrier under a workmen's compensation policy, when an injured employee made his demand for compensation, promptly repudiated any liability under the policy and refused to defend the employer in a proceeding instituted before the Industrial Accident Commission, and in no way controlled or sought to direct his action, but confined its efforts solely to a protection of its interests, it was not thereby estopped to deny any liability for the

———

1. Applicability and effect of workmen's compensation acts in case of injuries to minors, note, 14 A. L. R. 818.

expenses incurred by the employer in making an affirmative defense before the commission.

[4] ID.—VIOLATION OF POLICY BY EMPLOYER—PAYMENT OF AWARD BY CARRIER—REIMBURSEMENT.—Where an employer, in plain disregard of the terms of a workmen's compensation policy of insurance, employs a person in violation of the law as to age, and the carrier in no way consents thereto and is not estopped to deny its liability in so far as the employer is concerned, the carrier is entitled to recover from the employer the amount of an award by the Industrial Accident Commission paid by it.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Judgment against plaintiff affirmed; judgment against defendant reversed.

The facts are stated in the opinion of the court.

Amend & Amend for Plaintiff, Appellant and Respondent.

Jennings & Belcher for Defendant, Appellant and Respondent.

WASTE, J.—This action was instituted by the plaintiff, an employer, to recover of the defendant, his insurance carrier, the sum of $521 expended by him in resisting a claim made against defendant and himself, by an injured employee, upon the refusal of the defendant to defend plaintiff's interests in a proceeding before the Industrial Accident Commission. In addition to a general and specific denial, the defendant interposed a counterclaim for the sum of $1,590.21, the amount of the award made by the commission and paid to the injured employee by the defendant. The court denied relief to the plaintiff, and refused judgment to the defendant on its counterclaim, leaving the parties in the same situation as they were before the action was commenced. Thereupon both the plaintiff and the defendant perfected appeals. The matter is presented to this court by stipulation upon one transcript and one set of briefs. Since both the parties are appellants and likewise respondents, we shall, for the sake of clarity, refer to them by their original designation as plaintiff and defendant. Plaintiff claims that the lower court erred in refusing to give judgment in his favor for the sum expended in defending himself before the Industrial Accident Commission.

Defendant's contention is that this ruling of the lower court was correct, but that the court erred in refusing to give it judgment against the plaintiff for the amount paid to the injured employee.

Both parties base their claim upon the terms of a California workmen's compensation policy, issued by the defendant and designed to cover the workmen employed by the plaintiff in a butcher-shop operated by him. The policy contains the usual stipulations as to the liability and duty of the insurance carrier. The defendant agrees, among other things, to defend, in the name and on behalf of the plaintiff, any suits or other proceedings instituted against him under the provisions of the compensation law, and covered by the insurance agreement. Another provision in the policy, styled ''Condition M,'' provides that the plaintiff, by his acceptance, declared certain statements, indorsed thereon and numbered 1 to 17, inclusive, to be true. One of these declarations (item 14) is to the effect that no person was or would be employed by the assured in violation of law as to age. It is further stipulated in said condition that the policy is issued in consideration of these statements, and the provisions of the policy as respects its premium and the payment thereof. The same clause provides, however, that ''Nothing in this condition (M) and no default on the part of the assured with respect to any of the provisions or conditions of the policy, shall in any way affect the right of any employee, or his dependents, to recover from the company the compensation provided for by law and intended to be insured hereunder.''

In plain disregard of the agreement on his part not to employ any person in violation of the law as to age, the plaintiff employed Wesley Clark, a minor, not yet fifteen years of age, who, while engaged in operating a meat-grinding machine in plaintiff's shop, suffered an injury which resulted in the loss of the fingers of one hand. Thereafter the injured employee filed an application for compensation before the Industrial Accident Commission against both the plaintiff Gise and the defendant Insurance Company. The defendant refused to defend the proceedings before the commission in behalf of the plaintiff, upon the ground that the plaintiff had breached the policy of insurance by employing Wesley Clark in violation of the law

as to age.    The plaintiff thereupon expended in his own behalf the sum of $521 for counsel fees and costs, which sum the lower court finds to be a reasonable amount to have been paid for such purposes.    The Insurance Company defended the proceeding on its own behalf, not only upon all grounds of defense urged by plaintiff Gise before the commission, but also sought to evade liability for compensation to Wesley Clark because of the violation of the declaration, or warranty in the policy, by the plaintiff to the effect that no person would be employed by him in violation of the law as to age, and upon the further ground that the injured employee was not covered by the policy.    The Industrial Accident Commission held that the plain terms of the proviso in the policy, contained in said condition M, voided any contradictory provisions contained in the warranty as to employment of anyone by the plaintiff in violation of the law as to age in so far as any employee was concerned, and rendered the defendant liable for the payment of compensation to any ⌐such injured servant of Gise. (*Clark* v. *Gise et al.,* 5 Dec. of Ind. Acc. Com. 219.)    The commission, therefore, dismissed the plaintiff from the proceeding, and made an award in favor of Clark and against the defendant in the sum of $1,590.21 for compensation and doctor's bills.    The defendant made an application for a writ of review, for the purpose of having the lawfulness of the order making the award inquired into and determined.    This court held that the Industrial Accident Commission correctly construed the policy of insurance, and denied the application.    (*Fidelity & Casualty Co. of New York* v. *Industrial Acc. Com.,* 185 Cal. 797 [178 Pac. 896].) Defendant thereupon paid the amount of the award to the injured employee.    When the plaintiff sought to recover the amount expended by him in defending against the claim of the injured employee, it interposed a counterclaim for the amount of the award paid by it.

The trial court found, and the finding is amply supported by the evidence, that by reason of the employment of Wesley Clark by the plaintiff, and because of the boy's age, the manner and place of his employment, and the nature of his work, coupled with the failure to obtain for him from the superintendent of schools a permit to work, the plaintiff breached the contract or policy of insurance.    [1]    Conse-

quently, it held, and correctly so, that the defendant was released from the obligation to defend the plaintiff in the proceeding before the Industrial Accident Commission. In that behalf we adopt the portion of the opinion of the district court of appeal, material to the appeal prosecuted by the plaintiff:

[2]   " 'A statement in a policy, which imports that it is intended to do or not to do a thing which materially affects the risk, is a warranty that such act or omission shall take place.' (Civ. Code, sec. 2608.) Under this language it would seem that the terms of item 14 amounted clearly to a warranty. The item imported that plaintiff intended not to do a thing; that is, employ a person in violation of law as to age, and the thing he intended not to do, if done, would materially affect the risk, for immaturity of years is accompanied by immaturity of judgment, and lack of judgment in an employee will always affect the risks of his employment and, therefore, the risk insured against by such a policy as the one now in question. It is to be remembered, also, that, according to the provisions of condition M, the policy was issued in consideration of plaintiff's declaration of the truth of the statements made in items one to seventeen. In addition to the section of the code the terms of which are above set forth, the fact that item 14 carried a warranty into the policy is established by several decided cases (*McKenzie* v. *Scottish U. & N. Ins. Co.*, 112 Cal. 548 [44 Pac. 922] ; *Porter* v. *General Acc. Assur. Corp.*, 30 Cal. App. 198 [157 Pac. 825]), although the decision last cited is based upon a section of the Civil Code (2607) concerning statements of existing facts, as distinguished from statements of things to be done or omitted. Also, it is plain from cases cited by plaintiff himself that, after the illegal employment of Clark, and but for the exception contained in condition M, the policy would have been ineffective with respect to any considerations arising from the injury to Clark, including, of course, any claim attempted to be made under its terms by him: this because of the inclusion of item 14 in the instrument. (*Louis F. Kleeman Co.* v. *New Amsterdam Casualty Co.*, 177 Mo. App. 397 [164 S. W. 167] ; *Mason-Henry Press* v. *Aetna L. Ins. Co.*, 211 N. Y. 489 [105 N. E. 826] ; *Maryland Casualty Co.* v. *Industrial Acc. Com.*, 179 Cal. 716 [178 Pac. 858].) We have to consider, therefore, noth-

ing but the meaning of the exception. It seems plain to us, beyond the necessity of construction. It saved to Clark (the injured employee) the right 'to recover from the company the compensation provided for by law and intended to be insured' under the policy; but, considering what we have said above, it saved nothing else. Upon plaintiff's violation of the law in the employment of Clark the policy at once became ineffective as indemnity for any expense or outlay arising through any injury to Clark, save that covered by the exception. The plaintiff was not entitled to recover."

[3] When the injured employee made his demand for compensation, the defendant promptly repudiated any liability under the policy, and refused to defend plaintiff in the proceeding instituted before the Industrial Accident Commission. It in no way controlled or sought to direct his action, but confined its efforts solely to a protection of its interests. It was not thereby estopped to deny any liability for the expenses incurred by plaintiff in making his affirmative defense before the commission. (*Mt. Vernon etc. Co.* v. *Frankfort etc. Ins. Co.,* 111 Md. 561 [134 Am. St. Rep. 636, 75 Atl. 105]; *Mason-Henry Press* v. *Aetna L. Ins. Co.,* 211 N. Y. 489 [105 N. E. 826]; *Sargent Mfg. Co.* v. *Travelers Ins. Co.,* 165 Mich. 87 [34 L. R. A. (N. S.) 491, 130 N. W. 211].)

While the foregoing authorities, and those cited in the opinion of the district court of appeal, clearly deny to the employer the right to recover from the insurance carrier in cases like this, and that is so, even though the injury was not the proximate result of the illegal employment (*Goodwillie* v. *London Guarantee etc. Co.,* 108 Wis. 207 [84 N. W. 164]), we have been cited to, and have found, no case involving the question presented by the counter action, of the defendant, to recover the amount it paid to the injured employee under the award of the Industrial Accident Commission. In none of those cases was consideration given to the effect of a provision, such as that contained in condition M of the policy here, on the reciprocal rights of the parties under such circumstances. The trial court decided that as, by reason of the terms and provisions of such condition, the injured boy, although employed in violation of the law as to age, was covered and protected by the policy, the defendant was legally held and obligated to pay the

amount of the award, and could not recover any part of the sum from plaintiff. The district court of appeal held that as the policy provided, by the exception in condition M, that the injured employee should "recover" compensation from ·defendant, despite the fact that he was illegally employed, if the plaintiff should be required to reimburse defendant the "recovery" would not be from the defendant but from the plaintiff. We are unable to agree with either of these positions. The latter court was correct in its interpretation of the policy when, in dealing with the effort of the plaintiff to recoup his costs, it said that the provision of condition M was one for the benefit of the employee, and was not intended to protect the employer from the consequence of his own breach of the insurance compact. The effect of that stipulation was not, as urgently contended for by the plaintiff, to read out of the policy the warranty on the part of plaintiff that he would not employ, any person in violation of law as to age, which was one of the covenants, and a material part of the consideration on which the policy was issued. As we understand its decision (*supra*), the Industrial Accident Commission held that condition M voided any contradictory provision, contained in the policy, only so far as the employee was concerned, and the opinion of this court on denying the writ of review (*supra*) goes no further. Notwithstanding the right reserved to the employee to recover from the insurance carrier in case of injury, which was assented to by the defendant when it issued the policy containing the proviso, the basic contract between plaintiff and defendant was unaffected thereby. The employment of the boy Clark by plaintiff in violation of the child labor law was illegal, and, as between the plaintiff and defendant, was not included in the policy of insurance. (*Maryland Casualty Co.* v. *Industrial Acc. Com.*, *supra; Mt. Vernon etc. Co.* v. *Frankfort etc. Ins. Co., supra.*) In some of the cases we have examined, in looking for precedent applicable to the facts here, it has been suggested that a contract to insure one against injury arising out of employment in violation of law would be against public policy, and therefore void, but we deem it unnecessary to pursue that phase of the matter any further.

[4] It seems only reasonable to hold, and in the absence of authority to the contrary we are of the opinion, that

when the plaintiff in plain disregard of the terms of the
policy of insurance employed Clark, in violation of the law
as to age, the defendant, not having in any way consented
thereto, and not being estopped to deny its liability in the
matter in so far as the plaintiff was concerned, a burden was
cast upon defendant which it would not have had to assume,
but for the unwarranted and illegal act of the plaintiff. It
was not contemplated by the parties to the contract that
such a situation would arise. On the contrary, it was ex-
pressly stipulated against. It seems only reasonable to hold,
therefore, that the facts presented by the appeal of the de-
fendant call for the application of the simple rule of law
that one party to a contract, who is caused to suffer loss by
reason of the violation of its terms by the other party there-
to, may recover from the one at fault the amount he has
been damaged thereby.

The judgment that the plaintiff recover nothing from the
defendant is affirmed. The judgment that the defendant re-
cover nothing from the plaintiff is reversed.

Richards, J., *pro tem.*, Sloane, J., Wilbur, J., Lawlor, J.,
Shurtleff, J., and Shaw, C. J., concurred.

On March 27, 1922, the court vacated the foregoing judg-
ment and amended the foregoing opinion as follows:

THE COURT.—It is ordered that the judgment herein
entered be vacated and that the opinion by Mr. Justice
Waste rendered herein on March 17, 1922, be amended by
adding thereto the following:

It is conceded that the defendant paid the amount of the
liability covered by the policy as aforesaid and on account
of the injury to said employee, Wesley Clark, the aforesaid
sum of $1,590.21. There is no dispute about the fact.
Under these circumstances there is no necessity for a new
trial. The rights of the parties can be fully adjusted by
directing a judgment in accordance with our conclusions
aforesaid.

The judgment is reversed and the case is remanded, with
directions to the lower court upon the going down of the
*remittitur* to forthwith enter a judgment that the plaintiff

take nothing by his action and that the defendant recover of the plaintiff the sum of $1,590.21, together with costs.

Shaw, C. J., Richards, J., *pro tem.*, Sloane, J., Wilbur, J., Waste, J., Lawlor, J., and Shurtleff, J., concurred.