**JANES CONTRACTING CO. v. HOME LIFE · & ACCIDENT CO.  (No. 507–3933.)** *

(Commission of Appeals of Texas, Section A, April 16, 1924.)

**1. Appeal and error ⊙⇒931 (3)—Issues presumed found for prevailing party in trial by court, where no conclusions of fact or law requested.**

Where a case is tried before a court without a jury, and no conclusions of fact or law are requested, the appellate court will assume that the trial court found all such issues favorably to the prevailing party.

**2. Insurance ⊙⇒435—Use of explosives held to increase risk under compensation insurance policy.**

Use of explosives in sewer construction, contrary to a stipulation in a policy issued to employer under Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), increased the hazard and was material to the risk.

**3. Insurance ⊙⇒435—Compensation insurance policy held not to authorize use of explosives without knowledge or consent of insurer.**

An employer engaged in sewer construction was insured under a policy issued under the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), which declared that no explosives would be used, and providing that, if there should be any change or extension of employer's business, the earned premium should be adjusted at the company's manual of rates applicable thereto. *Held,* no authority was given employer to violate the agreement without consent of insurer by using explosives, and in event of an injury to be liable only for the difference in the rate agreed on and that attaching under a policy allowing use of explosive, since the expression "if there shall be any change" cannot be construed as an agreement that a change forbidden would be permitted.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by the Home Life & Accident Company against Mack Malone, and others, to set aside an award made by the Industrial Accident Board, the Janes Contracting Company, a partnership, and members thereof being impleaded. Judgment for plaintiff was affirmed by the Court of Civil Appeals (245 S. W. 1004) and the Janes Company brings error. Affirmed.

J. B. Howard, of Pecos, and Levy & Evans, of Fort Worth, for plaintiff in error.

Merritt & Leddy, of Dallas, and Andrews, Streetman, Logue & Mobley, of Houston, for defendant in error.

BISHOP, J. Prior to August 20, 1919, the plaintiffs in error were engaged in sewer construction in Ranger, Tex., and had outstanding and in force a policy of insurance theretofore issued to them under the Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91) by defendant in error, which described plaintiffs in error's business or occupation as "sewer building—maximum depth 7 feet at any one point," and the premium rate thereon was $5.85 per $100 of employees' pay roll, monthly basis, and the advance premium upon which was therefore $67.

The policy contained a list of declarations amounting in effect to contractual warranties upon the part of plaintiffs in error, and, among others not necessary to be mentioned, it was agreed as between the parties litigant here that "no explosives will be made, stored, or used on premises except as follows: No exceptions."

Under the manual of rates then in use, if it had been stated that explosives would be employed in the construction of the sewer, the rate for coverage would have been $20.-29 per $100 of the employees' pay roll, monthly basis.

On August 20, 1919, an employee of plaintiffs in error was killed in the course of the sewer construction; his death resulting solely and proximately from the use, under the direction of plaintiffs in error, of blast-

⸻

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied May 28, 1924.

ing powder then being utilized to facilitate the sewer excavation. Ten days after the accident a rider was attached to the policy reading as follows:

"It is hereby mutually understood and agreed that the following classification is added to the schedule of this policy, and that the minimum premium on same is therefore $211.00 instead of $67.00 as originally written. #6280. Blasting pay roll to include the whole remuneration of all employees engaged in the storage, handling, or use of explosives, including loading, capping, connecting, and firing. Rate 20–29."

At the time this rider was attached the plaintiffs in error paid to a local agent, who had been instrumental in the procurement of the original contract, such an amount as would have paid the increased rate on the policy under the amended classification from the date of the policy, but the insurance company declined to accept the additional premium for any period of the risk actually preceding the date of the rider.

As between the representatives of the deceased employee and the insurance company a liability for his death existed, without reference to the relation between the parties litigant. This was finally settled, after the usual proceedings in such cases by the insurance company paying on account of such accident the sum of $3,500, under an agreement with plaintiffs in error that such payment should not affect nor prejudice any rights between the parties litigant here.

The insurance company sought to recover back this amount from the plaintiffs in error upon the ground that the loss to the insurance company, arising from the requirement that it pay out this sum, was occasioned by the breach of the contract between the parties litigant, in that the insured had represented no explosives would be used, when in fact they were used.

The policy contained, among others, the following provision:

"Basis of Premium.

"Condition A. The premium is based upon the entire remuneration earned during the term of the policy by all employees of the employer, except the remuneration of any officers of a corporation whose duties or practices do not expose them to any operative hazards of the business. If there shall be any change in or extension of the employer's trade, business, profession or occupation the earned premium therefor shall be adjusted at the company's manual rates respectively applicable thereto. If the earned premium thus computed is greater than the advance estimated premium paid, the employer shall immediately pay the additional amount to the company; if less, the company shall immediately return the unearned premium to the employer."

In addition to other defenses not necessary to be considered here is the controlling issue in this case summarized in plaintiffs in error's first proposition under its third assignment of error, and upon which the writ was granted in this case, as follows:

"A policy of insurance issued under the Workmen's Compensation Laws which provides that, if there shall be any change in or extension of the employer's trade, business, profession, or occupation, the earned premium therefor shall be adjusted at the company's manual rates respectively applicable thereto, and that, if the earned premium thus computed is greater than the advance estimated premium paid, the employer shall immediately pay the additional amount to the company, and if less the company shall immediately return the unearned premium to the employer, must be held to cover and contemplate such a change in or extension of the employer's trade as the use of explosives in addition to other means of performing a certain character of work, and such a change comes within the provisions of the policy, and the rights and remedies of the parties to the contract are thus exclusively controlled by such provision of the contract to which they are restricted."

Under this proposition, and the policy provision above quoted, and the facts as stated, it was insisted in the trial court and the Court of Civil Appeals of the El Paso District, that the policy by its very terms contemplated a change in or extension of the employer's manner of doing the work, and that, as between insurer and insured, the exclusive remedy of the insurer was to collect such additional premium in case of any increased hazard in the risk as would have been charged in the first instance in view thereof, and that the tender of the increased rate, after the injury, by the insured covering the whole period the policy was in force, related back to the inception of the risk.

Both the trial court and the Court of Civil Appeals (245 S. W. 1004) by a majority opinion, dissented from by the Chief Justice of that court, held against this contention, and the issue is presented here for review.

[1] Preliminary to a consideration of the principal question involved; it may be stated that sharp controversy existed upon the trial of the case whether or not the party who delivered the policy to the insured was the agent of the insurance company issuing it, for any purpose, and particularly for the purpose of accepting the additional premium payment made on August 30, but as this case was tried before the court, without a jury, and no conclusions of fact or law were requested of the trial court, it must be assumed here that the trial court found all such issues favorably to the defendant in error.

For the above we are indebted to our former Associate Judge Blanks, who reached the same conclusion as herein expressed.

The policy also provided that the insurance company should "be permitted at all

reasonable times, to inspect the plants, works, machinery, and appliances of the employer." It also provided:

"Without prejudice to the rights of any person interested in this policy as respects anything that may occur during the period that this policy is in force, this policy may be canceled by either party upon ten days' notice to the other party stating when thereafter cancellation shall be effective, and the date of cancellation shall then be the end of the policy term; provided existing regulations or legal requirements are complied with."

[2, 3] Here the insurance company, in fixing its basic rate per $100 of pay roll, and in determining whether it would undertake the risk, relied upon the statement in the policy that no explosives would be used, as is shown by provision contained therein that the employer, by accepting same, declared this statement to be true, with knowledge that the policy was issued in consideration of the statement. There can be no question that the use of explosives increased the hazard and was material to the risk. Condition A in the policy above quoted, is inserted under the headline "Basis of Premium." The recital therein that, "if there shall be any change in or extension of the employer's trade, business, profession or occupation, the earned premium therefor shall be adjusted at the company's manual rates respectively applicable thereto," and that this must be done immediately, does not purport to convey the idea that the employers would have the option to violate the agreement without the knowledge and consent of the insurance company by using explosives, and, that should an injury occur by reason thereof, they would only be responsible for the difference in the rate agreed on and that which they would have been required to pay had the company issued them a policy allowing the use of explosives. The expression, "if there shall be any change," cannot be construed as an agreement that a change forbidden would be permitted. This condition only states what the rate shall be in case a change should be thereafter permitted. It does not purport to state that, should a loss occur by reason of a breach of the warranty, the damages accruing to the insurance company would be governed by the manual rate of premiums. The provision that adjustment must be immediately made excludes this construction. Wilson v. Graham, 14 Tex. 222; Redwine v. Hudman, 104 Tex. 21, 133 S. W. 426.

We think, under the provisions of this policy, the insurance company would have had the right to refuse to allow the use of explosives had the employers requested permission to do so. This change was expressly prohibited by the contract of insurance. And even if condition A should be construed as granting permission to the insured to make a "change in or extension of his trade, business, profession, or occupation" without notice to the insurance company in respect to other matters, it certainly could not be so construed in respect to a matter expressly prohibited. Plaintiffs in error here having agreed that they would not make this specific change or extension, and having breached this agreement, are liable to defendant in error for the damages occasioned by their breach. United States Fidelity & Guaranty Co. v. Taylor, 132 Md. 511, 104 Atl. 171; Gise v. Fidelity & Casualty Co., 188 Cal. 429, 206 Pac. 624, 22 A. L. R. 1476.

We therefore recommend that the judgments of both the district court and Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.