LIBERTY MUTUAL INSURANCE
COMPANY, Plaintiff,

v.

BORSARI TANK CORPORATION OF
AMERICA, Anheuser-Busch, Inc., Em-
ployers Mutual Liability Insurance
Company of Wisconsin, Defendants.

United States District Court
S. D. New York.

March 9, 1956.

See also, 122 F.Supp. 545.

642

Albert P. Thill, Brooklyn, for plaintiff.

William F. McNulty, New York City, for defendants.

DAWSON, District Judge.

This is an action brought under the Federal Declaratory Judgments Act, 28 U.S.C. § 2201, for a determination of the rights of the parties under a certain policy of Workmen's Compensation Insurance issued by the plaintiff Liberty Mutual Insurance Company (hereinafter called "Liberty Mutual") to Borsari Tank Corporation of America (hereinafter called "Borsari"). Although the amended and supplemental complaint is framed as one for declaratory judgment, to determine the rights of the parties, the plaintiff in practical effect seeks a determination that it is entitled to recover $5,000 from the defendants, Borsari and Anheuser-Busch, Inc. (hereinafter called "Anheuser-Busch").

The case has been tried on this issue, and there is no reason why the Court should not decide it, even though ordinarily a declaratory judgment action is not the appropriate method for securing such a result.[1]

On motion of the plaintiff and with the consent of the defendants, the action was discontinued against the defendant Employers Mutual Liability Insurance Company of Wisconsin without costs.

### The Facts

The following factual situation seems to have been clearly established:

Liberty Mutual issued its Standard Workmen's Compensation and Employers Liability Policy to the defendant Borsari to be in effect from April 1, 1952 to April 1, 1953. The policy covered employees of Borsari in the States of Missouri, New Jersey, and New York. The premiums were "subject to adjusted rates" and subject to an experience modification credit. The policy provided that at the end of each three-month period Borsari should furnish Liberty Mutual with a declaration of the amount of compensation earned during that period by the employer's covered employees and should pay to Liberty Mutual a premium computed at the rate or rates specified in the policy. The policy provided that:

> "The statements in Items 1 to 4 inclusive, in the Declarations hereinafter contained, are true; those stated as estimates only are believed to be true. This Policy is issued upon such statements and in consideration of the provisions of the Policy respecting its premium and the payment of the premium in such Declarations expressed."

Declaration 4 states:

> "The foregoing enumeration and description of employees includes all persons employed in the service of this Employer in connection with the business operations above described to whom remuneration of any nature in consideration of service is paid, allowed or due together with an estimate for the Policy Period of all such remuneration  *  *  * "

On or about July 23, 1952, Borsari submitted to Anheuser-Busch a proposal of certain work to be done in a brewery in

1. Manchester Gardens, Inc., v. Great West Life Assur. Co., 1953, 92 U.S.App.D.C. 320, 205 F.2d 872.

Newark, New Jersey. One of the provisions of the proposal was that Anheuser-Busch should provide insurance protecting Borsari and any subcontractor "under any Workmen's Compensation Act" or other statute imposing liability for injuries sustained by the employees of Borsari in connection with the work covered by such proposal. This proposal resulted in a contract embodying these terms.

On or about November 7, 1952, Borsari requested Liberty Mutual to eliminate from its existing Workmen's Compensation policy all coverage for any Borsari employees working on the Anheuser-Busch job at Newark, New Jersey, stating that "separate Workmen's Compensation insurance would be secured by Anheuser-Busch, Inc. for such employees pursuant to the contract hereinabove referred to." In accordance with the representation, the plaintiff Liberty Mutual advised Borsari by letter that coverage for Borsari employees on the Anheuser-Busch job was excluded from the Liberty Mutual policy and an endorsement was prepared and sent to Borsari stating that the policy did not insure with respect to injury or death sustained by any employee engaged in work directly connected with the operations of the Anheuser-Busch job in Newark, New Jersey. As a result of the elimination of the coverage of the employees on the Anheuser-Busch job in Newark, New Jersey, Liberty Mutual collected no premium from Borsari with respect to such employees.

Although Anheuser-Busch, under its contract, had agreed to obtain insurance covering Borsari "under any Workmen's Compensation Act", Anheuser-Busch failed to do so, but instead secured coverage for Workmen's Compensation from Employers Mutual Liability Insurance Company of Wisconsin, which was limited to compensation payable under the laws of the State of New Jersey. Anheuser-Busch sent to Borsari a Certificate of Insurance of Employers Mutual Liability Insurance Company which stated that the coverage was "Full coverage under workmen's compensation law. As designated in endorsements for coverage under paragraph One (b)", and this Certificate of Insurance was sent to Liberty Mutual. The policy issued by Employers Mutual Liability Insurance Company was retained by Borsari and did not come to the attention of Liberty Mutual until after the events hereinafter stated.

On March 11, 1953, a fire occurred at the Anheuser-Busch plant at Newark, New Jersey, resulting in the death of three employees of Borsari who were residents of the State of Missouri. Their next of kin and estates filed claims under the Missouri Workmen's Compensation Law, V.A.M.S. § 287.010 et seq., where the benefits were higher than would have been the case if they had filed under the New Jersey law, N.J.S.A. 34:15-1 et seq. Since the contracts of employment of these deceased employees had been entered into in the State of Missouri, they and their dependents were eligible to recover from Borsari and from Liberty Mutual, as its insurance carrier in Missouri, the compensation benefits under the Missouri Workmen's Compensation Law. Under the Missouri Workmen's Compensation Law, an award may be made directly against the insurance carrier. As a result, final awards were issued by the Industrial Commission of Missouri against Borsari and Liberty Mutual for the widows of the three deceased employees in the aggregate sum of $37,200.

The estates of the three deceased employees also instituted common law third party actions in the State of New Jersey to recover damages against certain contractors and subcontractors alleged to have been responsible for the death of the said employees. Borsari and Liberty Mutual, pursuant to the laws of New Jersey, asserted liens against any recovery by the aforesaid estates of the employees. These common law actions were settled, and in the course of the settlement, the liens of Borsari and Liberty,

Mutual were satisfied by full payment of the amount of the award which had been paid by Liberty Mutual.

As a condition of securing repayment for the payments which plaintiff had made, plaintiff was required to pay from the amounts payable to it an attorney's fee to the attorney for said estates, which sum amounted to $5,000. This amount was paid by Liberty Mutual to the attorney for such estates as a condition of receiving the sums from the settlement of the third party actions which satisfied its lien.

In this action, Liberty Mutual contends that under its contract with Borsari, represented by the policy of Workmen's Compensation insurance, there was a warranty by Borsari that all employees for whose Workmen's Compensation it would be responsible were covered under that policy, and that premiums were paid thereon; that as a matter of fact, the three employees who had entered into contracts of employment in Missouri and who subsequently died were not included in the computation of premiums to be paid under such policy of Workmen's Compensation insurance, under the mistaken assumption that they were covered by Employers Mutual Liability Insurance Company, when, as a matter of fact, that Company had not insured any claims which might arise under the Missouri law. Liberty Mutual therefore contends that it has the right to claim recovery from Borsari of the amount of any award it was forced to pay in Missouri, less any amount recouped by it out of its lien on the third party claims. Liberty Mutual also claims that under the policy of insurance, it was subrogated to any rights of recovery vested by law in Borsari against persons, corporations, associations or estates; that Borsari had a cause of action against Anheuser-Busch under its contract wherein Anheuser-Busch agreed to provide Workmen's Compensation for employees working on the Newark job "under any Workmen's Compensation Act"; and that An-

heuser-Busch had failed to perform this contract inasmuch as it provided insurance coverage only under the laws of New Jersey rather than coverage which would be applicable under the laws of any state; and that as a result, Borsari and Liberty Mutual, as its insurance carrier in Missouri, were subjected to an award in Missouri when, in fact, the liability was one that should have been assumed by Anheuser-Busch and its insurance carrier.

### The Law

■ Such cases as there are on the subject make it clear that when an insurance carrier insures the payment of Workmen's Compensation to the employees of a contractor and adjusts the premium on the basis of a certain number of employees, but it turns out that other employees are working for this employer and are subject to the Workmen's Compensation Law, the insurance carrier who pays an award as a result thereof may recover from the employer the amount of any award which it was compelled to pay. See Larson, Workmen's Compensation Law, Vol. II, Sec. 94.10 (1952).

This will be so irrespective of whether there was fraud or active misrepresentation. It is based upon the implied warranty that the insurance which is written and the premium which is to be paid thereon are coextensive with the liability of the insurance company and that if, as a result of the failure of the employer to furnish full facts to the insurance carrier, the insurance carrier is forced to pay an award with respect to employees for whom it collected no premium, the employer has breached its warranty and the insurance carrier is entitled to be made whole with respect to any loss which it incurred by reason thereof. United States Fidelity & Guaranty Co. v. Taylor, 1918, 132 Md. 511, 104 A. 171.

So also where a compensation policy contained a warranty that the employer

would not employ persons under the legal age, the insurer could collect from the employer the amount of any award which it was required to pay to an injured employee who was under the legal age. Gise v. Fidelity & Casualty Co., 1922, 188 Cal. 429, 206 P. 624, 22 A.L.R. 1476.

Likewise, in a case where the policy provided that no explosives would be used and that if there was any change or extension of the employer's business, the earned premium would be adjusted, but the employer did use explosives, the insurance company was held entitled to recover from the employer the amount of the award which had been made to an injured workman. Janes Contracting Co. v. Home Life & Accident Co., Tex.Com. App.1924, 260 S.W. 839.

In a case where a partnership had not disclosed the name of a general partner but an award was made to his estate, the insurance company was held entitled to recover the amount of the award against it. De Campos v. State Compensation Insurance Fund, 1954, 122 Cal.App.2d 519, 265 P.2d 617.

The damages obtained in each case by the insurance company were the amount of the award paid by it. The Courts rejected any contention that all that could be recovered by the insurance company was the extra premium which it would have charged if the employees had been included in the premium computation. United States Fidelity & Guaranty Co. v. Taylor, supra; Janes Contracting Co. v. Home Life & Accident Co., supra.

In the present case, Liberty Mutual issued its policy of Workmen's Compensation covering the employees of Borsari under the assurance and warranty that all employees to be covered thereunder were covered and the premiums were computed upon this basis. When it eliminated the coverage for the employees at the Anheuser-Busch job in Newark, New Jersey, it did so on the basis of representation by Borsari that they were covered by a separate Workmen's Compensation policy issued by Employers Mutual Liability Insurance Company and upon the assurance of Borsari that Anheuser-Busch was covering the employees on that job under *any* Workmen's Compensation Law. As a matter of fact, Anheuser-Busch did not cover such employees under "any" law but only under that of New Jersey, and Employers Mutual Liability Insurance Company did not pick up the insurance liability of these employees insofar as it might exist under the Missouri law. As a result, Liberty Mutual was forced to pay the award in Missouri.

At that point, under the well established law, it would have been entitled to ask for judgment against Borsari for the full amount of that award. However, its damages were diminished by reason of the fact that, growing out of the third party claims, it was able to be indemnified for all of its lien except $5,000. As a condition of securing the satisfaction of its lien, Liberty Mutual's recovery out of the third party claims was limited to the sum recovered on those claims "less employee's expenses of suit and attorney's fees". Even though it had a lien for the entire amount paid by it, the most that it could recover was this amount, less the expenses and attorney's fees in the third party actions. Revised Statutes of New Jersey, 34:15–40(b), as amended by Chapter 169, Laws of 1951, N.J.S.A. See Caputo v. Best Foods, Inc., 1955, 17 N.J. 259, 111 A.2d 261. See also Revised Statutes of Missouri, 287.150, subdivision 2, V.A.M.S. It has not been urged that the amount of the attorney's fee was excessive or improper, nor has any evidence been adduced that Liberty Mutual could have received reimbursement of its lien from the third party claims without payment of the attorney's fee to the attorney for the estates of the decedents.

■ The measure of damages in this case would be the amount of the award which Liberty Mutual was forced to pay, less any recovery on its lien. The recov-

ery on the lien failed to equal the amount of the payment made by it by the sum of $5,000. The Court concludes that the plaintiff is entitled to recovery against Borsari in the sum of $5,000 plus interest.

■■ Inasmuch as Liberty Mutual is subrogated to all rights of recovery vested in Borsari against persons, corporations, associations, or estates, and inasmuch as Borsari had a contract with Anheuser-Busch, by which the latter agreed to provide insurance protecting Borsari "under any Workmen's Compensation Act" for injuries sustained by the employees of Borsari in connection with the Newark, New Jersey, job, Liberty Mutual also has a right to recover the $5,000 damages from Anheuser-Busch. As the New York Court of Appeals has stated, the doctrine of subrogation

" ' * * * is a device adopted by equity to compel the ultimate discharge of an obligation by him who in good conscience ought to pay.' * * * [Subrogation] is a highly favored remedy and, while not a matter of strict right, the courts are inclined to extend rather than restrict its application." 3105 Grand Corp. v. City of New York, 1942, 288 N.Y. 178, 182, 42 N.E.2d 475, 477, 141 A.L.R. 1211.

See also King, "Subrogation under Contracts Insuring Property", 30 Texas L.Rev. 62 (1951):

"In the law of insurance, subrogation is a substitution by which the insurer who has paid a loss under a policy succeeds to any rights the insured may have against any other person who may be primarily responsible for the loss."

The Court concludes that judgment shall be entered jointly and severally against defendants Borsari and Anheuser-Busch.

This opinion shall constitute the findings of fact and conclusions of law of the Court.

Settle judgment on two days' notice.