LIBERTY MUTUAL INSURANCE COM-
PANY, Plaintiff,

v.

BORSARI TANK CORPORATION OF
AMERICA, Anheuser-Busch, Inc., Em-
ployers Mutual Liability Insurance
Company of Wisconsin, Defendants.

United States District Court
S. D. New York.

March 7, 1958.

Albert P. Thill, Brooklyn, N. Y., for
plaintiff.

William F. McNulty, New York City,
for defendants.

SUGARMAN, District Judge.

The Court of Appeals reversed a judg-
ment of this court in favor of Liberty
Mutual Insurance Company, plaintiff in-
surance carrier, holding the insured,
Borsari Tank Corporation of America
and its contract obligor, Anheuser-Busch,
Inc., jointly and severally liable to the
insurance carrier for a net loss of $5,000,
alleged to have been sustained by the
carrier by reason of the insured's failure
to obtain from its contract obligor, An-
heuser-Busch, Inc., workmen's compensa-
tion coverage co-extensive with a re-
striction of coverage which the insured
induced its carrier, Liberty Mutual In-
surance Company, to make on the repre-
sentation that the insured was obtaining
that coverage from Anheuser-Busch, Inc.,

pursuant to a provision of a building contract between them. The facts are undisputed and they are recited in the opinion of the Court of Appeals.[1]

The action was remanded by the appellate court "for further proceedings not inconsistent with this opinion" and that court directed:

"At the new trial the trial court will be in a position to receive in evidence the checks that were given in settlement of the three third-party actions. It may also hear and receive any other proof that will show when the recoveries were effected in those actions. It will then apply the Missouri Compensation statute, in force at the time the recoveries were effected, in determining whether Liberty Mutual's payment of the $5,000 was 'voluntary.'

"At the new trial the Court may also inquire, if the issue is raised, as to the correctness of the amount of $5,000, to ascertain if it was in excess of the amount Liberty Mutual should have paid under the Missouri statute * * * *"[2]

On retrial, the minutes of the first trial were received in evidence together with copies of the checks plaintiff received in satisfaction of its liens in said actions and the parties rested.

Thereafter the evidence was reopened by agreement of the parties to introduce in evidence a stipulation of facts and copies of the checks that were given to the plaintiffs in the third party actions.

On the second trial, as at the first, no question was raised regarding the correctness of the amount paid to the attorney for the plaintiffs in the third party actions by Liberty Mutual Insurance Company.

The question that disposes of this action then is whether "the recovery" in the third party actions was "effected" before or after "August 29, 1955, the date when subdivision 2 of § 287.150 of the Missouri statute became effective. If the recoveries were effected prior to August 29, 1955, Liberty's payment of the $5,000.00 was not required by the Missouri statute, was 'voluntary' and is not recoverable in this action."[3]

The stipulation of the parties received in evidence provides:

"It is hereby stipulated and agreed by and between the undersigned that the annexed photostatic copies of three checks, described in detail below, be marked in evidence as exhibits at the trial of the above action; that the same are true copies of the checks by which the Employers Mutual Liability Insurance Company of Wisconsin, on behalf of its insured, the George A. Fuller Company, settled the third party actions brought in the State of New Jersey by the representative of Earl Grainger, William Hageman, Joseph G. Manthey, deceased employees of Borsari Tank Corporation.

"The checks in question are described as follows:

"1. Check No. 327035, in the sum of $22,202.91, issued November 9, 1955, by the Employers Mutual Liability Company of Wisconsin to Maurice R. Lanes, general administrator of the estate of William Hageman, and Greenstone and Greenstone, his attorneys.

"2. Check No. 327044, in the sum of $19,704.95, issued November 9, 1955, by Employers Mutual Liability Company of Wisconsin to Maurice R. Lanes, general administrator of Joseph G. Manthey and Greenstone and Greenstone, his attorneys.

1. Liberty Mutual Insurance Co. v. Borsari Tank Corp., 2 Cir., 1957, 248 F.2d 277.

(The district court opinion is reported at 139 F.Supp. 641.)

2. Liberty Mutual Insurance Co. v. Borsari Tank Corp., note 1, supra, 248 F.2d at page 290.

3. Liberty Mutual Insurance Co. v. Borsari Tank Corp., note 1, supra, 248 F.2d at page 284.

"3. Check No. 327032, in the sum of $24,705.31, issued November 9, 1955, by Employers Mutual Liability Company of Wisconsin to Maurice R. Lanes, general administrator of the estate of Earl Grainger and Greenstone and Greenstone, his attorneys.

"Each check was endorsed by the payees, deposited for collection, and each check is stamped, Paid January 10, 1956."

The recovery in the third party actions having been effected on November 9, 1955, the plaintiff's payment of $5,000 to the attorneys in the third party actions on January 9, 1956, was not voluntary and it shall have judgment against defendants Borsari and Anheuser-Busch.

The foregoing constitute the additional findings which the Court of Appeals directed be made on this retrial. Accordingly, let judgment be entered for the plaintiff.