UNDERWRITERS AT LLOYDS, Subscribing Certificate No. 4269, Plaintiffs,

v.

William S. MUNZ, Defendant.

Civ. No. J-5-62.

United States District Court
D. Alaska,
at Juneau.

Oct. 28, 1963.

R. Boochever of Faulkner, Banfield, Boochever & Doogan, Juneau, Alaska, for plaintiffs.

John E. Manders, Anchorage, Alaska, for defendant.

PLUMMER, District Judge.

This matter is before the court on motion of plaintiffs for summary judgment.

The court has jurisdiction of the case because of the diversity of citizenship between the plaintiffs and defendant and the requisite jurisdictional amount in controversy is present. 28 U.S.C.A. § 1332(a).

On or about April 24, 1956, plaintiffs entered into a workmen's compensation and employer's liability insurance contract with defendant William S. Munz and one Howard J. Mays doing business as Munz Airways, which contract was evidenced by Certificate No. AC 4269, renewal No. AC 3973, and covered losses under the Alaska Workmen's Compensation Act to "all employees other than members of flying crew, including drivers, chauffeurs and their helpers," and "clerical employees". Endorsement No. 1 of said policy dated May 25, 1956, provided that "in consideration of the premium at which this policy is issued it is agreed that no coverage is extended hereunder to any flying personnel."

As of May 1, 1956, Howard J. Mays no longer had an interest in the business known as Munz Airways or in the insurance contract referred to above which at all times thereafter herein mentioned were solely owned by the defendant Munz.

On July 2, 1956, one James P. Whaley while piloting an aircraft for the defendant Munz doing business as Munz Airways in the vicinity of Moses Point, Alaska, crashed and was killed.

On or about October 3, 1956, plaintiffs through Gould & Gould, Inc., general agents, Seattle, Washington, were notified by the Alaska Industrial Board of the death of James P. Whaley. Plaintiffs promptly advised the Board of the inapplicability of the above-mentioned policy by letter of October 5, 1956.

On or about April 26, 1957, plaintiffs through Gould & Gould, Inc., received a copy of a letter from the Alaska Industrial Board dated April 22, 1957, requesting Munz Airways to file a report pertaining to the paying of compensation to Mrs. Gladys Genevieve Whaley, surviving wife of James P. Whaley.

On or about June 24, 1958, an Application for Adjustment of Claim was filed by Gladys Genevieve Whaley, widow of James P. Whaley, deceased, against Munz Airways, Gould & Gould, Inc. and Sayre & Toso, Inc., claiming benefits under the Alaska Workmen's Compensation Act.

On August 20, 1958, plaintiffs wrote the defendant William Munz further advising him of their denial of any liability under the aforementioned policy as a result, of the death of James P. Whaley, and reserving all rights against the defendant Munz including the right to recover from him any sum of money that plaintiffs might be required to pay as a result of the compensation claim filed by Gladys Genevieve Whaley.

On July 27, 1960, the Alaska Workmen's Compensation Board entered its Decision and Award in favor of the said Gladys Genevieve Whaley and against plaintiff herein and the defendant William S. Munz doing business as Munz Airways. An appeal was taken from said decision to the Superior Court for the State of Alaska, which court thereafter entered its judgment against the plaintiffs herein and the defendant William S. Munz in favor of Gladys Genevieve Whaley in the sum of $14,750 together with interest accruing thereon at six per cent per annum from April 30, 1959, and costs and disbursements including an attorney's fee of $1,400. Plaintiffs thereupon inquired of defendant through his attorney, Douglas L. Gregg, whether he intended to appeal said decision of the Superior Court and advised said defendant that plaintiff would otherwise pay the amount of the judgment without prejudice to its right to secure recovery from the defendant Munz. On April 26, 1962, defendant Munz through his attorney Douglas L. Gregg, concurred in such payment being made without prejudice to the right of plaintiffs bringing an action against the defendant Munz.

Plaintiff paid the amount of said judgment with interest in the sum of $18,886. This suit has been brought for the purpose of securing reimbursement from Mr. Munz for the payments thus made by Underwriters at Lloyds.

■ The question for determination is whether section 43–3–21, A.C.L.A., 1949, of the Alaska Workmen's Compensation Act then in effect, precludes a recovery by the plaintiff insurance company against the defendant employer.

Section 43–3–21, Alaska Compiled Laws Annotated, which was in effect during 1956–57, provides in part as follows:

"[*Presumption of coverage.*] All policies of insurance companies insuring the payment of compensation under this Act shall be conclusively presumed to cover all the employees and the entire compensation liability of the insured employer employed at or in connection with the business of the employer carried on, maintained, or operated at the location or locations set forth in such policy or agreement.

"[*Limitation of liability void.*] Any provision in any such policy attempting to limit or modify the liability of the company issuing the same shall be wholly void except as provided in the preceding paragraph."

■ These provisions were enacted for the purpose of protecting employees in their right to hold the employer for the payment of compensation under the Workmen's Compensation Act. They do not, however, limit the right of an insurer and insured to contract as they might choose with reference to the liability of the former as an indemnifier of the latter, or of limiting their right to make their own agreement as to the basis for computing the premium to be paid for the obligations assumed. See: United States Fidelity & Guaranty Co. v. Taylor, 132 Md. 511, 104 A. 171 (1918); Janes Contracting Co. v. Home Life & Accident Co., 245 S.W. 1004 (Civ.App. Tex.1922); Georgia Casualty Co. v. City of Fort Wayne, 82 Ind.App. 396, 145 N. E. 284 (1924); Miller Bros. Construction Co. v. Maryland Casualty Co., 113 Conn. 504, 155 A. 709 (1931); Empey v. Industrial Commission, 91 Utah 234, 63 P.2d 630, 108 A.L.R. 801 (1937); Liberty Mutual Insurance Co. v. Borsari Tank Corp., 248 F.2d 277 (2d Cir. 1957); National Indemnity Co. v. Sanquiliano,

35 N.J. 400, 119 A.2d 35; Gise v. Fidelity & Casualty Co., 188 Cal. 429, 206 P. 624, 22 A.L.R. 1476 (1922).

Plaintiff's motion for summary judgment is granted.