Georgia Casualty Co. *v.* City of Ft. Wayne—82 Ind. App. 396.

one hundred and thirty-four points, including alleged errors as to the court's ruling in giving or refusing to give instructions and as to the admissibility of evidence. We have, however, considered and disposed of only such questions as are likely to arise at another trial of the cause.

The judgment is reversed, with instructions to the court to grant a new trial and for further proceedings in harmony with this opinion.

---

## GEORGIA CASUALTY COMPANY *v.* CITY OF FORT WAYNE.

[No. 11,990. Filed November 7, 1924. Rehearing denied January 16, 1925.]

1. INSURANCE.—*Compensation policy issued to city park board held to apply only to employees enumerated therein.*—A compensation policy issued to a city park board which expressly stated that the kind of business of the insured was "Trees-pruning, spraying, repairing and trimming *only*" was *held* to apply only to the employees engaged in the care of trees and not to all the employees of the park board, especially where the initial premium was calculated on the payroll for that class of employees only.   p. 400.

2. INSURANCE.—*Workmen's Compensation Act does not limit right of insurer and insured to agree on employees insured.*—The provisions of §73 of the Workmen's Compensation Act (§8020e3 Burns' Supp. 1921, Acts 1919 p. 158), providing that all compensation policies issued should be conclusively presumed to cover "all the employees and the entire compensation liability of the insured," was not intended to limit the right of the insurer and insured to contract as they might choose with reference to the liability of the former as an indemnifier of the latter or to limit their right to make their own agreement as to the basis for computing the premium to be paid for the obligations assumed.   p. 402.

From Allen Superior Court; *Charles J. Ryan,* Judge.

Action by the Georgia Casualty Company against the City of Fort Wayne. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*James M. Barrett, Sr., James M. Barrett, Jr., R. Earl Peters* and *Phil McNagny,* for appellant.

*Guy Colerick,* for appellee.

BATMAN, J.—This is an action by appellant against appellee to recover a balance alleged to be due as premiums, on two Workmen's Compensation insurance policies, issued by the former to the latter. The issues were formed by a complaint and an answer in general denial. The cause was submitted to the court for trial, resulting in a judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and this action of the court constitutes the only error assigned on appeal.

Appellant contends that the decision of the court is not sustained by the evidence, and that it is contrary to law. The record discloses that the policies in suit covered two successive years—each covering a single year. By the terms of the policy first issued, appellant agreed as follows, (omitting parts not pertinent to the issues) :

### "COMPENSATION.

"1. To pay to the person and in the manner provided herein, any sum due or to become due from the employer because of any such injuries, including death resulting therefrom, under certain Statutes cited and described in Item 2 of said Declarations, each of which Statutes is herein referred to as the Workmen's Compensation Law. It is agreed that all of the provisions of each Workmen's Compensation Law cited and described in this policy shall be and remain a part of this contract, as fully and completely as though written herein, so far as they apply to compensation while this policy shall remain in force    *    *    *.

### "LIABILITY.

"2. (a) To indemnify the Employer, provided he is subject to the said Workmen's Compensation Law, against loss by reason of the Liability imposed upon the Employer by the Laws of the State

398 APPELLATE COURT OF INDIANA,

Georgia Casualty Co. *v.* City of Ft. Wayne—82 Ind. App. 396.

named in Item 2 for damages on account of such injuries, including death resulting therefrom. (b) To indemnify the Employer against loss by reason of the liability imposed upon the Employer by law for damages, or imposed upon the Employer under any Compensation Law on account of such injuries, including death resulting therefrom, sustained outside the State named in Item 2 * * *.

### "EMPLOYEES COVERED.

"7. This policy shall cover such injuries, including death resulting therefrom, sustained by any employee or employees of the Employer, engaged in or in connection with the trade, business, profession, or occupation of the Employer, whose entire remuneration is included in the· actual total annual remuneration determined as hereinafter provided, upon which total annual remuneration the premium for this policy is to be adjusted * * *.

"Subject to the following conditions, which are to be construed as conditions precedent:

### "BASIS OF PREMIUM.

"Condition A. The premium is based on the entire pay-roll of which an estimate is given in the said Declarations. If such entire pay-roll exceeds the said estimate the Employer shall immediately pay to the Company the additional premium earned; if such entire pay-roll is less than the said estimate, the Company shall return the unearned premium when determined; but the Company shall receive and retain not less than the minimum premium named in Item 3 of said Declarations. If, while this policy is in force, there shall be any change in or extension of the trade, business, profession or occupation of the Employer as set forth in the Declarations, or if the Employer shall make any structural alterations or repairs, or do any class of work not described in said Declarations * * * the earned premium shall be adjusted upon the basis of the earned wages or compensation paid in or for every such trade, business, profession, occupation or work at the Company's rate or rates respectively applicable thereto.

## "ACCEPTANCE.

"Condition L. The Employer, by the acceptance of this policy, declares the statements in Items Number 1 to 15, inclusive, in said Declarations to be true, except such as are declared to be matters of estimate only; and this policy is issued in consideration thereof and the provisions of the policy as respects its premium and the payment of such premium.

## "DECLARATIONS.

"Item 1. Name of Employer, City of Fort Wayne Park Board. P. O. address, Fort Wayne, Indiana. The Employer is a municipal corporation.

"Item 2. The Employer has accepted and will continue to operate under the Workmen's Compensation Law of the State of Indiana known on the Statute Books as Indiana Workmen's Compensation Act.

"Item 3. Location of all factories, shops, yards, buildings, premises or other workplaces of the Employer, by town or city, with street and number: Fort Wayne, Indiana. Kind of trade, business, profession or occupation (manual classification): Trees-pruning, spraying, repairing and trimming, only. Estimated pay-roll for twelve months, $1,200.00. Premium rate per $100.00 of pay-roll, $6.48. Advance premium, $77.76. * * * The minimum premium for this policy shall be $73.00. Estimated advance premium $77.76.

"Item. 4. The estimated pay-roll as stated above includes the entire remuneration of whatsoever kind earned by all persons employed in the service of the Employer in connection with the Employer's trade, business, profession or occupation, as provided in Condition A, to whom remuneration of any nature in consideration of service, is paid, allowed or due except that the remuneration of officers of a corporation whose duties or practices do not expose them to any operative hazards of the business may be excluded."

(Items 5 to 15 are not set out, as they are not material to the questions to be considered.)

The policy was in force for one year immediately preceding November 1, 1919. After the expiration of said year, the board of park commissioners of appellee, on request, furnished to appellant a pay roll report, showing the total annual compensation earned by all of the employees of its department of public parks during said year, which report contained, among other things, the following: "Complete description of work performed at Fort Wayne, Indiana, with compensation earned by all employees, including rate and amount of premium thereon charged by appellant for Workmen's Compensation insurance:

| Description | Amt. Earned | Rate | Premium |
|---|---|---|---|
| Trees, pruning | $1,084.15 | $6.48 | $70.25 |
| Landscape gardening | 22,697.58 | 2.13 | 483.55 |
| Ice removal | 97.50 | 5.07 | 4.94 |
| Grading land | 406.54 | 2.67 | 10.85 |
| Clerical employees | 2,340.00 | .12 | 2.80 |
| TOTAL | $26,625.77 | | $572.39" |

At the time said policy was issued, appellee paid appellant the estimated premium thereon, amounting to $77.76.

Appellant contends that, under these facts, the court ought to have found that appellee was indebted to it in the sum of $494.63, on account of the unpaid premium on said first policy. This contention cannot be sustained, unless the parties intended that the policy should cover the employees of appellee engaged in *all* the classes of work enumerated above in said pay roll report. The trial court has construed the policy, as was its duty to do, and evidently determined that only those reported as having been engaged in tree pruning were intended to be covered thereby. This appears to be a reasonable conclusion, in the light of the provisions made and language used, among which

we note the following: By Item 3 of the "Declarations," which are made a part of the policy, it is expressly stated that the kind of business of the insured (manual classification) is "Trees-pruning, spraying, repairing and trimming, *only*." (Our italics.) This declaration or representation was material, in view of the different kinds of work in which appellee might properly engage, as a municipal corporation. The estimated pay roll of employees was based on that kind of business alone, and the advance premium was calculated solely on such estimated pay roll. Condition "A," quoted above, provides that, "the premium is based on the entire pay roll of which an estimate is given in the Declarations." It will be noted that the estimate there given is limited to $1,200 for the care of trees, as specified in the quotation above, viz.: "pruning, spraying, repairing and trimming," and also that the parties used in this connection the word "only," thereby clearly indicating an intention to avoid the misunderstanding which is the basis of this litigation. It is thus made to appear that the policy under consideration was prepared around the central idea that it was to cover the employees of appellee engaged in the particular kind of work expressly stated, and clearly limited. Its effect was to select out of the various kinds of work in which it might properly engage, in the care and development of its parks, one particular kind, viz.: the care of trees, and make the provisions of the policy apply to the employees engaged therein exclusively. This we hold was the intention of the parties, as indicated by the language used. In reaching this conclusion we have not been unmindful of the provisions of the policy found in the subdivisions entitled, "Employees covered" and "Basis of Premium," quoted above, as they were intended, evidently, to relate to the business specially designated in

the policy, rather than to some other business, distinct from that expressly stated in the "Declarations." *United States, etc., Co.* v. *Bullard Gin & Mill Co.* (1922), 245 S. W. (Tex. Civ. App.) 720; *United States, etc., Co.* v. *Taylor* (1918), 132 Md. 511, 104 Atl. 171.

Our attention has been directed to the provision quoted above, under the subdivision entitled "Compensation," whereby the Workmen's Compensation Law of this State is made a part of the contract of insurance, evidenced by the policy, and to the following provisions of that law: "All policies of insurance companies and of reciprocal insurance associations, insuring the payment of compensation under this act, shall be conclusively presumed to cover all the employees and the entire compensation liability of the insured. Any provision in any such policy attempting to limit or modify the liability of the company or association issuing the same shall be wholly void." Acts 1919 p. 158, §8020e3 Burns' Supp. 1921.

In considering the effect of this provision, it should be observed that the policy under consideration contains two distinct obligations on the part of appellant: one to secure payment of compensation to appellee's employees, and the other to indemnify appellee against loss by reason of its liability to pay the same. *United States, etc., Co.* v. *Bullard Gin & Mill Co., supra; United States, etc., Co.* v. *Taylor, supra.* It is apparent that the provision last quoted was enacted, not for the purpose of limiting the right of insurer and insured to contract as they might choose with reference to the liability of the former as an indemnifier of the latter, or of limiting their right to make their own agreement as to the basis for computing the premium to be paid for the obligations assumed, but for the purpose of protecting the employees of the insured in their right to hold the insurer for the payment of compensation under

the provisions of the Workmen's Compensation Act. There may be cases, by reason of this provision, in which injured employees of an insured may enforce payment of compensation against the insurer which the insurer, in turn, may enforce against the insured, because of the limitations in the policy of insurance. *United States, etc., Co.* v. *Taylor, supra; Janes, etc., Co.* v. *Home, etc., Co.* (1922), 245 S. W. (Tex. Civ. App.) 1004; *Gise* v. *Fidelity, etc., Co.* (1922), 188 Cal. 429, 22 A. L. R. 1476. However, any attempted determination in that regard, or with reference to the right which any of the employees of appellee, other than those engaged in the care of trees, as specified in the "Declarations," made a part of the policy in suit, would be mere *dictum,* as no such question is now before us. We do not consider the other policy involved in this action, as the facts with reference thereto are so far similar to the one on which we have based our opinion, as to make our conclusion with reference thereto apparent. We conclude that there was no error in overruling appellant's motion for a new trial for either of the reasons presented.

Judgment affirmed.