# In Re Gumm

[No. 17,839.  Filed January 19, 1949.]

*Barrett, Barrett and McNagny,* of Ft. Wayne, attorneys.

ROYSE, P. J.—Pursuant to statute the Industrial Board of Indiana certified to us the following question of law:

"The Board of Commissioners of the County of Whitley purchased a policy of Workmen's Compensation Insurance and at the request of said Board of Commissioners, said policy designated the insured as 'Board of Commissioners of Whitley County, Indiana, Highway Department'; the said Board of Commisisoners of the County of Whitley intended by said policy to insure its liability under the Workmen's Compensation Law of Indiana to the employees of its highway department and to no other employees; proof of insurance was filed with the Industrial Board of Indiana by the Michigan Mutual Liability Company that issued said policy, and it was stated therein that said Michigan Mutual Liability Company had insured the employees of Board of Commissioners of Whitley County, Indiana, Highway Department; the only premium charged or paid on said policy was on the wages of the employees of said Highway Department, meaning thereby the employees of the Board of Commissioners of Whitley County who worked upon the highways of said county; does the policy in question cover claims under the Workmen's Compensation Law of Indiana of all the employees of the Board of Commisisoners of Whitley County, Indiana, or does it cover only claims of those employees who work upon the highways of Whitley County or for the Highway Department of the Board of Commissioners of the County of Whitley?"

The Michigan Mutual Liability Company, who issued the policy of insurance referred to above, requested and received permission to file a brief with this Court on this question.

Section 72 of the Indiana Workmen's Compensation Act of 1929, Burns' 1940 Replacement, § 40-1605, provides in part as follows:

"No insurer shall enter into or issue any policy of insurance under this act until its policy form shall have been submitted to and approved by the industrial board. The industrial board shall not approve the policy form of any insurance company until such company shall file with it the certificate of the commisisoner of insurance showing that such company is authorized to transact the business of workmen's compensation insurance in the state. The filing of a policy form by any insurance company or reciprocal insurance association with the industrial board for approval shall constitute, on the part of such company or association, a conclusive and unqualified acceptance of each and all of the provisions of this act, and an agreement by it to be bound thereby.

"*All policies of insurance companies and of reciprocal insurance associations, insuring the payment of compensation under this act, shall be conclusively presumed to cover all the employees and the entire compensation liability of the insured.*

"*Any provision in any such policy attempting to limit or modify the liability of the company or association issuing the same shall be wholly void.*" (Our emphasis.)

In the case of *Georgia Casualty Company* v. *City of Fort Wayne* (1925), 82 Ind. App. 396, 145 N. E. 284, 45 A.L.R. 1335, note III, this court, in passing on an analogous provision of the Compensation Act of 1919, touched upon but did not decide the question presented here. Subsequent to that decision, the 1929 session of the Legislature enacted the Indiana Workmen's Compensation Act. Section 5 of this Act, § 40-1205, Burns' 1940 Replacement, provides as follows:

"Every employer who accepts or is bound by the compensation provisions of this act, *except the*

*state, counties, townships, cities, towns, school
cities, school towns, school townships, other munici-
pal corporations, state institutions, state boards,
state commission, banks, trust companies, and
building and loan associations,* shall insure the pay-
ment of compensation to his employees and their
dependents in the manner hereinafter provided,
or procure from the industrial board a certificate
authorizing him to carry such risk without insur-
ance, and while such insurance or such certificate
remains in force he or those conducting his busi-
ness shall be liable to any employee and his depend-
ents for personal injury or death by accident, aris-
ing out of and in the course of employment only to
the extent and in the manner herein specified."
(Our emphasis).

The former compensation acts did not contain the
emphasized exceptions in the above quoted section of
the Act.

By the provisions of said section Whitley County was
not required to insure its liability under the Indiana
Workmen's Compensation Act. We are of the
opinion that § 72, *supra,* does not apply to those
employers excepted by § 5, *supra,* but only to those
employers who are positively required by the Act to
provide insurance.

Therefore, the question submitted to us involves the
construction of a voluntary contract between Whitley
County and the insurer. The construction of
such contracts is a matter for the courts to
determine. The Industrial Board does not have
jurisdiction of such matters. Hence, any answer we
might make to the above question would be dictum.

NOTE.—Reported in 83 N. E. 2d 487.