William S. MUNZ, Appellant,

v.

UNDERWRITERS AT LLOYDS, Subscribing Certificate No. AC 4269, Appellee.

No. 19099.

United States Court of Appeals Ninth Circuit.

Sept. 16, 1964.

John E. Manders, Anchorage, Alaska, for appellant.

R. Boochever, Faulkner, Banfield, Boochever & Doogan, Juneau, Alaska, for appellee.

Before CHAMBERS, MERRILL and KOELSCH, Circuit Judges.

MERRILL, Circuit Judge.

In the Alaska State Court, Munz, as employer, and Lloyds, as Munz's insurer, were adjudged liable for a workmen's compensation award under Alaska law. Lloyds paid the judgment and here seeks

reimbursement from Munz upon the ground that the accident upon which the award was based was not covered by its insurance policy. Jurisdiction is founded upon diversity of citizenship. Summary judgment was rendered by the District Court in favor of Lloyds[1] and Munz has appealed.

Munz is engaged in business in Alaska as Munz Airways. The accident involved consisted of the death of one of Munz's pilots on July 2, 1956, in an airplane crash. Munz, from May 25, 1953, through May 25, 1957, was insured by a Lloyds policy which expressly excluded from its coverage members of the flying crew. From May 25, 1953, through May 25, 1955, a separate policy of insurance was secured by Munz from another company to cover his flying crew. Thereafter, Munz neglected to secure such coverage. When Lloyds' policy was issued, Lloyds called the attention of the Alaska Industrial Board to the exclusion of the flying crew and the Board noted this fact.

Alaska law, § 43–3–21 Alaska Comp. Laws Annotated [now Alaska Stat. 23.-30.025(b) (1962)] provided:

> "All policies of insurance companies insuring the payment of compensation under this Act shall be conclusively presumed to cover all the employees and the entire compensation liability of the insured employer employed at or in connection with the business of the employer carried on, maintained, or operated at the location or locations set forth in such policy or agreement.
>
> "Any provision in any such policy attempting to limit or modify the liability of the company issuing the same shall be wholly void except as provided in the preceding paragraph."

Munz contends that Lloyds is bound by the provisions of Alaska law and, as between Munz and Lloyds, is deemed to have provided complete coverage.

It is clear that under provisions such as those of Alaska law, Lloyds was obligated to make payment to the injured employee, irrespective of any exclusion. Georgia Cas. Co. v. City of Fort Wayne (1924) 82 Ind.App. 396, 145 N.E. 284, (dictum); United States Fid. & Guar. Co. v. Taylor (1918) 132 Md. 511, 104 A. 171. We agree with the District Court, however, that the law is settled that as between the employer and the insurance carrier, the employer impliedly agrees to reimburse the carrier if the latter is held liable under the Act due to a loss which is excluded by the terms of the policy and for which the employer has paid no premiums. Liberty Mut. Ins. Co. v. Borsari Tank Corp. (2 Cir. 1957) 248 F.2d 277, 286.

Judgment affirmed.

1. Underwriters at Lloyds v. Munz (D.Alaska 1963) 224 F.Supp. 954.