Rudy LIGHTSEY, Plaintiff-Appellant,

v.

HARDING, DAHM & COMPANY, INC., Defendant-Appellee.

No. 79–1024.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 26, 1979.

Decided June 12, 1980.

---

David N. Levine, Atlanta, Ga., for plaintiff-appellant.

George Martin, Fort Wayne, Ind., for defendant-appellee.

Before SWYGERT, CUMMINGS and BAUER, Circuit Judges.

BAUER, Circuit Judge.

Plaintiff-appellant Rudy Lightsey appeals from the district court's order granting summary judgment to defendant Harding, Dahm & Company. The district court held that Lightsey's claim had already been determined by the Indiana Real Estate Commission and was therefore barred from relitigation by collateral estoppel. We reverse because the Indiana Real Estate Commission did not have authority to determine the disputed issue.

I.

In 1979, one J. L. Fine agreed to purchase some real estate in Fort Wayne, Indiana from the First Federal Savings and Loan Association. Appellee Harding, Dahm & Company acted as broker on behalf of the seller. Under an arrangement not disclosed in the record before us, plaintiff-appellant Lightsey furnished $20,000 as earnest money for the purchase. An addendum to the real estate contract stated that the $20,000 was to be deposited "with the Seller's agent (Harding, Dahm & Company)" and held in escrow contingent upon the buyer's securing of financing for the purchase within twelve days. The addendum concluded that "it is the intention of the parties that should such financing not be available for any reason whatsoever, then those monies shall be returned in full to Rudy Lightsey, the provider of the monies."

Although the purchase was never consummated, Harding, Dahm kept the money, claiming that financing had been secured. After making a formal written demand for the funds, Lightsey filed a grievance with the Indiana Real Estate Commission. The Commission adopted the findings of a hearing committee, which were as follows:

## FINDINGS OF FACT

That James H. Harding, of Harding, Dahm, & Company real estate company of Fort Wayne, Indiana, acting on behalf of the First Federal Savings and Loan Association of Fort Wayne, Indiana, seller of the real property in said transaction, was duly authorized to receive monies and represent the sellers in their behalf.

## CONCLUSION

Therefore, it is the conclusion of the Hearing Committee that James E. Harding, and Harding, Dahm, & Company have committed no violation of the Indiana Real Estate License laws in the real estate transaction heard in this cause,

And that the monies transmitted in said transaction were disburse[d] by the broker, James E. Harding, in a manner which was in accordance with the contractual agreement between the parties.

## RECOMMENDATION

Therefore, it is the recommendation of the Hearing Committee that James E. Harding, Indiana real estate license No. B–08196, and Harding, Dahm, & Company, Indiana real estate license No. B–18794, shall continue to hold their respective broker's licenses with full privileges and responsibilities to which the law entitles them as holders of such.

Lightsey did not seek review of the decision in the Indiana courts. He instead filed a complaint in federal district court charging Harding, Dahm with breach of contract.

The district court granted summary judgment for Harding, Dahm. The court held that the Commission's decision resolved "precisely the same issue" presented by Lightsey's complaint. The court further held that the Commission acted in a judicial capacity and had authority to determine breach of contract issues, even though it was not empowered to award damages. The court ruled that the doctrine of collateral estoppel barred Lightsey's complaint.

## II.

Indiana courts grant collateral estoppel effect, where appropriate, to decisions of its administrative agencies. *Bowen v. United States*, 570 F.2d 1311 (7th Cir. 1978). For collateral estoppel effect to be given to an order of an administrative agency, the court must find that the same disputed issues of fact were before it as are before the court, that the agency acted in a judicial capacity, and that the parties had an adequate opportunity to litigate the issues before the agency. *United States v. Utah Construction and Mining Co.*, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966). Where the issues in the two proceedings are different, however, the court should not give preclusive effect to the administrative determination. *Porter & Dietsch, Inc. v. F. T. C.*, 605 F.2d 294, 300 (7th Cir. 1979). Prior to making even that inquiry, we must determine whether the issue was properly before the agency. *Bowen v. United States*, 570 F.2d at 1322. We find that the Indiana Real Estate Commission had no statutory authority to determine the issue presented in appellant's suit. We therefore hold that its finding that Harding, Dahm acted in accordance with the contract is not entitled to preclusive effect.

### A.

The Indiana Real Estate Commission governs the licensing and regulation of the real estate industry in Indiana. The Commission is composed of a large majority of industry representatives and two citizen members. Ind.Code § 25–34.1–2–1 (Supp. 1979).

As part of its disciplinary powers, the Commission has the authority to "deny, refuse to renew, revoke or suspend" a real estate license of a broker and to levy fines not exceeding $500 for violations of the commission's rules and regulations or a series of enumerated acts. Ind.Code § 25–34.1–2–5 (Supp.1979). Included as a basis for disciplinary action is a broker's failure "to account and remit any moneys or documents coming into his possession belonging to others." Ind.Code § 25–34–1–16(1) (cur-

rent version at § 25–34.1–6–1(d)(1) (Supp. 1979)). The district court ruled, without citing any support, that this authority "would seem to include [the power to decide] breach of contract issues, especially as the matter arises in this case." The court also stated that "the general grant of power to determine whether in connection with his license the licensee engaged in fraud, misrepresentation, incompetence or unprofessional conduct [Ind.Code § 25–34–1–16 (current version at Ind.Code § 25–34.1–6–1(d)(13) Supp.1979] would surely provide the Commission with jurisdiction to determine the contractual propriety of the distribution of funds by the real estate broker." The court then concluded that the issues before it and the Commission were the same. We disagree.

■ The Indiana Real Estate Commission has no general authority to determine breach of contract issues. Under Indiana law, it possesses only those powers expressly granted to it by statute. *General Telephone Co. of Indiana v. Public Service Commission*, 238 Ind. 646, 154 N.E.2d 372 (1958). The sections relied upon by the district court do not empower the Commission to determine the validity or invalidity of a contract or to determine whether all the conditions precedent to the performance of the contract have been satisfied, findings necessary here; at most they permit the Commission to find whether a broker's conduct meets certain standards of professional conduct. *See Indiana Real Estate Commission v. Kirkland*, 256 Ind. 249, 268 N.E.2d 105 (1971). Section 25–34–1–16(1) governs the conduct of a broker only when acting as an agent; breach of any other independent financial arrangement cannot be a basis for license revocation. Harding, Dahm could well have complied with its ethical and professional duties to the seller, but still be in breach of the contract with Lightsey. Moreover, the Commission could have decided only that Harding's conduct was not so egregious as to require the penalty of license suspension or revocation. Given the conclusory nature of the Commission's findings, we cannot be sure what is the basis of the Commission's decision.* But whatever it decided, the Commission could not determine the contractual rights of Lightsey against Harding, Dahm. Those rights can only be determined in a court of law.

In an analogous situation, the Indiana Appellate Court held that the Indiana Public Service Commission had no authority to rule on breach of contract issues. *Indiana Telephone Corp. v. Indiana Bell Telephone Co.*, 358 N.E.2d 218 (Ind.App.1976). The Indiana Public Service Commission has the power to set charges between competing phone services in the absence of agreement. The court ruled that the absence of an agreement was a jurisdictional requirement. "Since ITC and Bell had voluntarily entered into a written agreement," the court held, "the cited section is without application." *Id.* at 223. Once it was determined that the Commission had no statutory authority over the dispute, it was ousted of jurisdiction. The court concluded,

> the question submitted to the trial court involved the breach of a voluntary contract. The construction and breach of such contracts are matters for judicial determination. The Public Service Commission does not have jurisdiction of such matters. *See In re Gumm* (1949), 118 Ind.App. 695, 83 N.E.2d 487, 488. It has no authority to adjudicate a breach of contract action.

358 N.E.2d at 224.

■ The Indiana Real Estate Commission had no authority to construe the contract between Lightsey and Harding, Dahm. The finding made by the Commission that the "funds were disburse[d] according to the contract" is therefore not binding because it was not relevant to a dispute over

---

* We have no idea what transpired in the hearing committee. The parties did not include a transcript of the hearing before the Commission in the record on appeal. The record before us is so inadequate that we would have difficulty determining whether there was even an opportunity to litigate the issue before the Real Estate Commission. *Bowen v. United States*, 570 F.2d at 1322. We need not remand, however, because of our conclusion that the Commission did not have the power to decide the breach of contract issue.

which it had jurisdiction. *United States v. Utah Construction and Mining Co.*, 384 U.S. at 419 n.15, 86 S.Ct. at 1558 n.15. Since the Commission had no authority to decide the issue that was before the district court, the order of the Commission has no collateral estoppel effect. The order of the district court granting summary judgment to Harding, Dahm is accordingly reversed and remanded for further proceedings.

REVERSED AND REMANDED.