**PROVIDENCE WASHINGTON INSURANCE COMPANY OF ALASKA, Appellant,**

**v.**

**ALASKA PACIFIC ASSURANCE COMPANY, Appellee.**

**No. 6398.**

Supreme Court of Alaska.

Oct. 29, 1982.

---

Kathleen Harrington, Bazeley & Harrington, Anchorage, and Alan Sherry, Merdes, Schaible, Staley & DeLisio, Anchorage, for appellant.

Michael A. Barcott, Faulkner, Banfield, Doogan & Holmes, Anchorage, for appellee.

## OPINION

Before BURKE, C.J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

### PER CURIAM.

Providence Washington Insurance Company of Alaska (Providence Washington) appeals from a superior court judgment denying it reimbursement from the Alaska Pacific Assurance Company (ALPAC) for sums expended by Providence Washington in satisfaction of a workers' compensation claim filed by William Field. We reverse.

On January 16, 1978, William Field sustained an on-the-job injury while employed by National Mechanical Contractors, Inc. (National Mechanical). National Mechanical had obtained from Providence Washington workers' compensation insurance

coverage which was cancelled on January 15. On January 15 workers' compensation coverage for this injury shifted to ALPAC.

Field notified National Mechanical of the injury, and National Mechanical filed a notice of injury form with the Workers' Compensation Board (Board) naming Providence Washington as its insurer. Providence Washington ultimately settled Field's claim for $53,373.24. Later, Providence Washington realized that it had not been on the risk at the time of the accident. It asked ALPAC to reimburse it for the payment, but ALPAC refused because it objected to the amount of the settlement.[1]

Providence Washington sued for reimbursement of the amounts paid. ALPAC moved for summary judgment on the grounds that its insured's failure to notify it of the claim prior to settlement discharged its duty under the insurance contract. Providence Washington opposed the motion and moved for partial summary judgment as to liability, arguing that the lack of notice defense was waived. ALPAC was granted summary judgment.

The parties are in agreement that Providence Washington is not entitled to reimbursement from ALPAC unless it can establish that the latter was obligated to make the payments that Providence Washington made. *See generally* Restatement of Restitution §§ 43, 162.[2] They also agree

---

1. ALPAC's counsel wrote to Providence Washington on June 13, 1979:

   The amounts paid by Providence Washington were in excess of those required under the terms of the Alaska Workmen's Compensation Act and accordingly, it is the position of Alaska Pacific Assurance Company that the total reimbursement is not in order.

   ALPAC admitted the following paragraph in Providence Washington's complaint:

   10. Alaska Pacific Assurance Company acknowledges that it was the carrier on the risk at the time Mr. Field was injured but has refused to make the total reimbursement requested by Providence Washington, contending that the $30,000.00 paid by Providence Washington under the Compromise and Release was excessive in that Mr. Field should only have received $12,500.00 rather than the $30,000.00 paid by Providence Washington.

2. The Restatement of Restitution § 43 (1936) reads in part:

   (A) A person who, by payment to a third person, has discharged the duty of another or has released another's property from an adverse interest, doing so unintentionally or acting because of an erroneous belief induced by a mistake of fact that he was thereby discharging a duty of his own or releasing property of his own from a lien, is entitled to restitution from such other of the value of the benefit conferred up to the value of what was given, unless the other disclaims the transaction.

   The Restatement of Restitution § 162 (1936) reads:

   Where property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lien-holder.

that in the event ALPAC's underlying liability is established, ALPAC may contest the amount paid.

On appeal ALPAC asserts that its insured's alleged failure to comply with the "Notice of Injury," [3] "Notice of Claim or Suit," [4] and "Assistance and Cooperation," [5] provisions of the insurance contract between ALPAC and National Mechanical, in conjunction with the "Action Against the Company" [6] provision, discharges its liability to National Mechanical.

In this appeal, Providence Washington contends that it is entitled to reimbursement notwithstanding ALPAC's purported policy defense, because Providence Washington has discharged ALPAC's alleged statutory liability to the injured worker.

■ ALPAC says that its statutory obligation to the injured employee does not prevent it from raising a policy defense in this action.[7]

■ The crux of the dispute lies in the identification of the source of the underlying claim against ALPAC which Providence Washington alleges it has satisfied. Providence Washington, in effect, says it has satisfied the injured worker's claim; ALPAC says that Providence Washington satisfied National Mechanical's claim. It is patent from a consideration of the relevant statutory provisions [8] and the language of

---

3. Paragraph 5 of the Conditions of the insurance contract states:

When an injury occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the injury, the names and addresses of the injured and of available witnesses.

4. Paragraph 6 of the Conditions of the insurance contract reads:

If claim is made or suit or other proceeding is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

5. Paragraph 7 of the Conditions of the insurance contract states in part:

The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical or other services at the time of injury as are required by the workmen's compensation law.

6. Paragraph 10 of the Conditions of the insurance contract states in part:

No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

7. ALPAC also claims that Providence Washington waived the argument concerning AL-PAC's statutory obligation by failing to raise it in the superior court; Providence Washington replies this argument was raised in its motion for reconsideration below. The record reveals that this issue was clearly raised in the motion for reconsideration.

ALPAC says that because Providence Washington did not appeal from the denial of its motion for reconsideration, the statutory argument is not available. The cases cited for this proposition—*Lowe v. Severance,* 564 P.2d 1222, 1223–24 (Alaska), *cert. denied sub. nom., Lowe v. Hoover,* 434 U.S. 864, 98 S.Ct. 196, 54 L.Ed.2d 139 (1977) and *Brown v. State,* 563 P.2d 275, 278 (Alaska 1977)—do not support it. The cited cases simply hold that the filing of a motion to reconsider does not terminate the time for filing an appeal, so that the initial judgment is not on appeal in an appeal from the denial of a motion for reconsideration. Since Providence Washington's appeal was timely as to the initial judgment, those cases are inapposite.

8. AS 23.30.030(4) states in part:

The insurer will promptly pay to the person entitled to them the benefits conferred by this chapter.... The obligation of the insurer is not affected by a default of the insured employer after the injury, or by default in giving a notice required by this policy. The policy is a direct promise by the insurer to the person entitled to [medical expense payments and] ... compensation ... and is enforceable in the name of that person.

AS 23.30.025(a) states in part:

The filing of a policy form by an insurance company with the board for approval constitutes, on the part of the company, a conclusive and unqualified acceptance of the provisions of this chapter, and an agreement by it to be bound by them. .

the insurance contract[9] that the injured worker had a direct claim against ALPAC as a primary obligor and that the policy defenses raised by ALPAC are ineffective as against the injured worker, regardless of their alleged effect as against National Mechanical.[10] Hence, to the extent that Providence Washington seeks reimbursement for discharging ALPAC's liability to the employee, ALPAC has not raised a legal defense.

■ The complaint in this case alleges that Mr. Field suffered a compensable injury, that Providence Washington paid his claim for compensation benefits, and that ALPAC was the workers' compensation insurance carrier on the risk for Mr. Field's damages. It is apparent that given these assertions, and the statutory and contractual provisions discussed above, the complaint states a cause of action for reimbursement of sums expended by Providence Washington in satisfaction of Mr. Field's claim against ALPAC. Providence Washington is therefore entitled to be reimbursed for that payment notwithstanding ALPAC's policy defenses as against its insured, since ALPAC has not raised any defense to Mr. Field's claim.

Although ALPAC has not raised any defenses to liability, it has argued that the amount paid was unreasonable. That is a question which remains to be litigated. Summary judgment ought to have been entered in Providence Washington's favor, finding ALPAC liable up to the amount conceded, and leaving the dispute over the remainder for further proceedings.[11]

REVERSED and REMANDED.

9. Paragraph 8 of the Conditions of the insurance contract, entitled "Statutory Provisions," states in part:

> The company shall be directly and primarily liable to any person entitled to the benefits of the workmen's compensation law under this policy. The obligations of the company may be enforced by such persons, or for his benefit by any agency authorized by law, whether against the company alone or jointly with the insured. Bankruptcy or insolvency of the insured or of the insured's estate, or any default of the insured, shall not relieve the company of any of its obligations under coverage A.
>
> As between the employee and the company, notice or knowledge of the injury on the part of the insured shall be notice or knowledge, as the case may be, on the part of the company; the jurisdiction of the insured, for the purposes of the workmen's compensation law, shall be jurisdiction of the company and the company shall in all things be bound by and subject to the findings, judgments, awards, decrees, orders or decisions rendered against the insured in the form and manner provided by such law and within the terms, limitations and provisions of this policy not inconsistent with such law.

10. The notice and cooperation provisions obviously have a direct bearing on ALPAC's liability to National Mechanical. Whether they would operate to bar the insured's rights against ALPAC remains an open question.

ALPAC's reliance on the "Action Against Company" provision, paragraph 10 of the Conditions, is misplaced; that provision is applicable only to the Employer's Liability Coverage of the policy, not to the Workers' Compensation Coverage.

11. Mr. Field's status, in relation to the contract between National Mechanical and ALPAC, was essentially that of a third party beneficiary. The issue of ALPAC's right against National Mechanical as a joint obligor to Mr. Field or for settling the claim of Mr. Field in breach of its contract with ALPAC has not been raised in this case. *See generally Munz v. Underwriters at Lloyds,* 336 F.2d 798 (9th Cir.1964). ALPAC did not attempt to implead National Mechanical.