Dwight SHERROD, Appellant,

v.

MUNICIPALITY OF ANCHORAGE, WATER/SEWER REFUSE UTILITY, and The Alaska Workers' Compensation Board, Appellees.

No. S–3426.

Supreme Court of Alaska.

Dec. 28, 1990.

William J. Soule, Clark, Walther & Flanigan, Anchorage, for appellant.

Allan E. Tesche, Russell & Tesche, Anchorage, and Joyce E. Bamberger, Law Office of Joyce E. Bamberger, Anchorage, for appellees.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Chief Justice.

Sherrod suffered an on-the-job injury in 1978 while employed by the Municipality of Anchorage. He has had recurrent back problems since then, for which he has received much medical and hospital care. Some of his medical and hospital bills have been paid by the Municipality under the Workers' Compensation Act and some of them have been paid by Aetna, Sherrod's health insurer.

In 1983 Aetna required Sherrod to sign an agreement under which he was to repay Aetna from any recovery he received from a third party. In 1986 Aetna advised Sherrod that it expected reimbursement from him because its policy did not cover treatment received because of occupational injuries.

Sherrod filed a petition before the Workers' Compensation Board asking for a ruling that the Municipality was liable for the bills which Aetna had paid. Sherrod moved to have Aetna joined as a party, so that its rights could be adjudicated. Aetna opposed being joined in the Workers' Compensation proceeding.

The board ruled on the merits of Sherrod's petition, denying it in its entirety on the grounds that Sherrod lacked a legally recognizable interest in the controversy. Implicitly, the board also denied Sherrod's petition to require that Aetna be joined as a party. On appeal to the superior court, the court affirmed.

We reverse. Under 8 Alaska Administrative Code 45.040(c) (1988) "any person who may have a right to relief ... should be joined as a party." Aetna may have a right to relief as an equitable subrogee of the health care providers it has paid.[1] Under AS 23.30.030(4) the Municipality, a self-insured employer, is directly liable to health-care providers for treatment of work-related injuries.[2] Aetna has also claimed a right to reimbursement from Sherrod if the treatment for which Aetna paid was work related. Aetna did not waive its right to reimbursement from the Municipality or from Sherrod by opposing Sherrod's motion to join it as a party. Rather, Aetna simply stated that it did not want to incur the "unnecessary" legal expenses of retaining local counsel. It also stated that it did not want Sherrod or his counsel to represent Aetna's interests. Absent an explicit waiver by Aetna of its

---

1. *See Providence Washington Insurance v. Alaska Pacific Assurance,* 654 P.2d 269, 271–72 (Alaska 1982). In *Providence Washington,* the appellant alleged that it had erroneously believed it was liable for the claimant's work-related injury and paid him his workers' compensation benefits. Upon determining that Alaska Pacific was liable, Providence Washington filed suit to recover the amount it had paid. We held that Providence Washington's complaint stated a cause of action.

2. Sec. 23.30.030. Required policy provisions. A policy of a company insuring the payment of compensation under this chapter is considered to contain the provisions set out in this section.

    . . . .

    (4) The insurer will promptly pay to the person entitled to them the benefits conferred by this chapter, including physician's fees, nurse's charges, hospital services, hospital supplies, medicines, prosthetic devices, transportation charges to the nearest point where adequate medical facilities are available, burial expenses, and all installments of compensation or death benefits awarded or agreed upon under this chapter. The obligation of the insurer is not affected by a default of the insured employer after the injury, or by default in giving a notice required by this policy. The policy is a direct promise by the insurer to the person entitled to physician's fees, nurse's charges, fees for hospital services, charges for medicines, prosthetic devices, transportation charges to the nearest point where adequate medical facilities are available, and hospital supplies, charges for burial, compensation or death benefits, and is enforceable in the name of that person....

reimbursement claim, we see no basis justifying the denial of Sherrod's motion. *Hammonds v. State*, 442 P.2d 39, 42 (Alaska 1968) ("Waiver is an intentional relinquishment of a known right.").

Moreover, so long as Aetna has not waived its claim for reimbursement against Sherrod, Sherrod has a legally recognized interest in the controversy. AS 23.30.110 requires the board to provide a hearing to an "interested party." Sherrod is such a party as he remains potentially liable to Aetna if the health care for which Aetna paid was made necessary by work-related injuries.

The decision of the superior court is reversed. The case is remanded with instructions to remand it to the board. The board should grant Sherrod's motion to make Aetna a party. If Aetna does not waive its claim for reimbursement against Sherrod and the Municipality, the board should proceed to determine the question of whether the health services in question are compensable under the Workers' Compensation Act.