RENDERED:  APRIL 29, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0009-MR

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA                                          APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE MARY M. SHAW, JUDGE
ACTION NO. 16-CI-003785


PROCARENT, INC.                                                  APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  JONES, MAZE, AND TAYLOR, JUDGES.

MAZE, JUDGE:  Travelers Property Casualty Company of America appeals the

summary dismissal of its claim against appellee Procarent, Inc., stemming from an

alleged account due amounting to $155,511.00 in additional premium costs related

to the provision of workers' compensation insurance for a Procarent subsidiary,

Yellow Enterprise Systems.   Upon cross-motions for summary judgment, the

Jefferson Circuit Court concluded that Procarent was entitled to judgment as a matter law. We agree and affirm.

Procarent, a provider of ambulance and other transportation services, is the parent company of two limited liability companies: Care Ambulance Service, LLC, which operates an ambulance service in Indianapolis and Terre Haute, Indiana, and Yellow Enterprise Systems LLC, which operates similar services in Louisville and southern Indiana. In 2012, Procarent contacted an insurance broker in order to obtain workers' compensation coverage for Care Ambulance alone because it had self-insured Yellow Enterprise for several years. In its application for the requested coverage, Procarent listed only the Indianapolis, Indiana, address as an insured location; listed only Indiana as the rating information state on the state rating worksheet; and indicated in the general information section that no employees travel out of state. The application listed the policy deductible as "$5000 – IN." Unlike Yellow Enterprise employees who frequently traveled between the Louisville, Kentucky, area and southern Indiana, Care Ambulance employees worked exclusively within the state of Indiana.

Of particular pertinence to this appeal, the application for workers' compensation insurance estimated the total premium for the requested coverage to be $179,746.00. Regarding the premium, the policy Travelers issued on

Procarent's application for coverage contained the following provision in Part Five:

### E. Final Premium

The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy.

. . . .

### G. Audit

You will let us examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records, and programs for storing and retrieving data. We may conduct the audits during regular work hours during the policy period and within three years after the policy ends. Information developed by audit will be used to determine final premium. Insurance rate service organizations have the same rights we have under this provision.

An audit conducted on October 1, 2013, following the expiration of the policy period, precipitated the dispute at issue in this appeal.

Travelers maintains that the audit revealed that during the policy period, Procarent insured employees who worked in both Indiana and Kentucky, resulting in the number of total employees being greater than reported on its application for workers' compensation coverage. Travelers' position was that

Procarent's total number of employees as reflected on its payroll were considered in calculating the final premium. Thus, in accordance with Section G, quoted above, Travelers concluded that Procarent owed an additional $155,511.00 in additional premiums due to the fact that the total number of employees was higher than had been at the inception of the policy period.

In response to Travelers' request for the additional premium payment, Procarent insisted that because it self-insured the Yellow Enterprises employees, those Southern Indiana and Kentucky employees should have been exempted from the audit and subsequent final premium calculation. After Procarent refused to pay the additional premium on the basis that it never agreed to coverage for its Yellow Enterprise employees, Travelers filed the instant action for payment of the account amounting to $155,511.00 in additional premiums for the policy period.

Upon cross-motions for summary judgment, the circuit court concluded that Procarent never intended for Travelers to insure the Yellow Enterprise employees; never agreed to pay Travelers a premium for it to cover those employees; and never submitted a claim to Travelers for those Yellow Enterprise employees which it had self-insured for a number of years. This appeal follows the entry of summary judgment dismissing Travelers' claim for account stated.

As it did below, Travelers argues to this Court that Procarent's failure to comply with the self-insurance laws of the state of Indiana precludes it from claiming that the Yellow Enterprise employees must be excluded from the premium calculation. Travelers' argument has two components: 1) that under Indiana law, it was exposed to liability for coverage of all of Procarent's employees; and 2) that Indiana law precludes the splitting of workers' compensation coverage. Like the circuit court, we find no merit in either contention.

As a preliminary matter, we reiterate the familiar and well-established standards by which appellate courts review grants of summary judgment. The focus of the inquiry is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citing Kentucky Rule of Civil Procedure (CR) 56.03). As our Supreme Court explained in *Steelvest, Inc. v. Scansteel Service Center, Inc.*, summary judgment is appropriate only when "as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant." 807 S.W.2d 476, 483 (Ky. 1991) (citation omitted). Further, in making that determination, "the record must be viewed in a light most favorable to the party opposing the motion for summary

judgment and all doubts are to be resolved in his favor." *Id.* at 480. On the other hand, "a party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Id*. at 482. Finally, appellate courts "need not defer to the trial court's decision on summary judgment and will review the issue *de novo* because only legal questions and no factual findings are involved." *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 705 (Ky. App. 2004). With these principles in mind, we turn to an examination of the circuit court's decision that Procarent was entitled to summary judgment on Travelers' claim for account stated.

Travelers initially argues that the circuit court erred in determining that no genuine issues of material fact precluded entry of summary judgment. Not only is this contention directly contrary to the position Travelers took in its own motion for summary judgment, it also contradicts the following footnote set out in the order granting summary judgment:

> During a recent motion hour, the Parties agreed to remand the upcoming trial date because the action entails only issues of law for the Court to decide. The Parties also agree that the facts are not in dispute.

Although we could resolve this question solely on the basis that the circuit court was never afforded an opportunity to rule on Travelers' current view of the posture of the claim, we have nevertheless undertaken an examination of the record in

order to determine for ourselves the accuracy of Travelers' statement that "the trial court erred in determining that no genuine issues of material fact existed when granting summary judgment in favor of Procarent."

The factual issue to which Travelers refers appears to center on the question of whether Procarent had, in fact, agreed to payment of the account balance, in this case, the "final premium" described in the policy. Contrary to Travelers' position, we are convinced that the question of Procarent's assent to the final premium is not an issue of fact, but rather a legal conclusion which can be resolved only by applying the policy language and statutory enactments to the undisputed actions of the parties in negotiating this policy of insurance. Thus, there was no factual issue precluding summary disposition and the circuit court correctly proceeded to apply the policy language and statutory law of Indiana to those undisputed facts. Our review now focuses upon the propriety of the circuit court's conclusion that there was no legal assent to the additional audited premium incorporating the Yellow Enterprise employees.

In addition to the policy sections regarding premium calculation set out above, the policy contains the following specific provision set out in the General Section on page one of the policy:

**E. Locations**

This policy covers all of your workplaces listed in Items 1 or 4 of the Information Page; and it covers all other

workplaces in Item 3.A. states [Indiana] unless you have other insurance or are self-insured for such workplaces.

Item 3.A. of the Information Page lists only the state of Indiana and the only workplace identified in Item 4 is the Indianapolis address of Care Ambulance Service. Procarent argues that because it was self-insured for its southern Indiana workplace, the policy's own exclusionary language precludes the assessment of the additional premium.

Citing Indiana Code sections relating to workers' compensation self-insurers, Travelers insists that the locations exclusion in the policy is unenforceable under Indiana law. Travelers first contends that Procarent was not properly self-insured due to its failure to comply with the following mandatory requirements of Indiana Code § 22-3-5-1:

> Sec. 1. (a) Every employer under IC 22-3-2 through IC 22-3-6, except those exempted by IC 22-3-2-5, shall:
>
> (1) insure and keep insured the employer's liability under IC 22-3-2 through IC 22-3-6 in some corporation, association, or organization authorized to transact the business of worker's compensation insurance in this state; or
>
> (2) furnish to the worker's compensation board satisfactory proof of the employer's financial ability to pay direct the compensation in the amount and manner and when due as provided in IC 22-3-2 through IC 22-3-6.

As explained more fully below, we concur in the circuit court's conclusion that Procarent's failure to obtain a certificate of self-insurance as required by Indiana law is not determinative as to whether it in fact provided self-insurance coverage for Yellow Enterprise employees.

Similarly, we view Travelers' reliance upon Indiana Code § 22-3-5-5 as misplaced. That section provides in pertinent part:

> (b) All policies of insurance companies and of reciprocal insurance associations insuring the payment of compensation under IC 22-3-2 through IC 22-3-6 **are conclusively presumed to cover all the employees and the entire compensation liability of the insured**. Any provision in any policy attempting to limit or modify the liability of the company or association issuing the same shall be wholly void.

(Emphasis added.) Indiana caselaw dispels Travelers' contention that this statutory provision supports its contention that the locations exclusion in its policy insuring Care Ambulance was void and unenforceable. The Court in *Georgia Casualty Company v. City of Fort Wayne* clearly explained that a previous version of this same enactment did not limit the right of an insurer and insured to contract as they choose regarding coverage of a specific entity:

> It is apparent that the provision last quoted was enacted, not for the purpose of limiting the right of insurer and insured to contract as they might choose with reference to the liability of the former as an indemnifyer [sic] of the latter, or of limiting their right to make their own agreement as to the basis for computing the premium to be paid for the obligations assumed, but for the purpose

-9-

of protecting the employees of the insured in their right to hold the insurer for the payment of compensation under the provisions of the Workmen's Compensation Act. **There may be cases, by reason of this provision, in which injured employees of an insured may enforce payment of compensation against the insurer, which the insurer in turn may enforce against the insured because of the limitations in the policy of insurance**.

82 Ind. App. 396, 145 N.E. 284, 286-87 (1924) (emphasis added). The rationale underpinning the Indiana Court's holding has been cited approvingly in opinions of other states and federal courts. Consider, for example, the result reached by the Ninth Circuit Court of Appeals in *Munz v. Underwriters at Lloyds*:

It is clear that under provisions such as those of Alaska law, Lloyds was obligated to make payment to the injured employee, irrespective of any exclusion. *Georgia Cas. Co. v. City of Fort Wayne* (1924) 82 Ind. App. 396, 145 N.E. 284, (dictum); *United States Fid. & Guar. Co. v. Taylor* (1918) 132 Md. 511, 104 A. 171. We agree with the District Court, however, that **the law is settled that as between the employer and the insurance carrier, the employer impliedly agrees to reimburse the carrier if the latter is held liable under the Act due to a loss which is excluded by the terms of the policy and for which the employer has paid no premiums**. *Liberty Mut. Ins. Co. v. Borsari Tank Corp.* (2[d] Cir. 1957) 248 F.2d 277, 286.

336 F.2d 798, 799 (9th Cir. 1964) (emphasis added). It is therefore apparent that had Travelers been obligated to satisfy claims lodged by employees subject to the exclusionary provision in the policy, Procarent would have likewise been obligated to reimburse Travelers. Thus, there is no merit to Travelers' contention that the

-10-

additional premium was warranted due to its exposure to additional liability coverage for the Yellow Enterprise employees.

In sum, viewed in the light of the analysis set out in Indiana and other caselaw, it is clear that the circuit court did not err in concluding that Procarent was in fact self-insured regarding Yellow Enterprise employees. Its statements in the application for coverage of Care Ambulance employees and its conduct with respect to claims asserted by Yellow Enterprise employees lead inescapably to the conclusion that it never intended to obtain workers' compensation coverage for Yellow Enterprise. Application of the cited Indiana statutory law does not alter that fact. We are therefore persuaded that the Jefferson Circuit Court did not err in concluding that Travelers could not prevail on its claim for account stated because Procarent never exhibited the requisite manifestation of assent to the amount Travelers sought in additional premiums. This Court recently defined an "account stated" as "a manifestation of assent by debtor and creditor to a stated sum as an accurate computation of an amount due the creditor." *Webster v. Pfeiffer Engineering Company*, 568 S.W.3d 371, 374 (Ky. App. 2018). Given the undisputed facts of this case, and the proper application of the law to those facts, the circuit court did not err in concluding that Procarent never assented to the amount claimed. We therefore concur in the circuit court's conclusion that there was no possibility Travelers could prevail on its claim for account stated at trial.

Accordingly, the judgment of the Jefferson Circuit court is affirmed.


ALL CONCUR.


BRIEF FOR APPELLANT:

Brian H. Stephenson
Ryan J. McElroy
Louisville, Kentucky

BRIEF FOR APPELLEE:

John David Dyche
Leigh V. Graves
Louisville, Kentucky